SNOWBERRY, Respondent, v. ZELLMER and another, Appellants.*

*January 7—February 4, 1964.*

* Motion for rehearing denied, with $25 costs, on March 31, 1964.

For the appellants there were briefs by *Thomas F. McCaul* of Tomah, and *Hale, Skemp, Hanson, Schnurrer & Skemp* of La Crosse, and oral argument by *William P. Skemp*.

For the respondent there was a brief by *Donovan & Breitenfield* of Tomah, and oral argument by *Victor H. Breitenfield*.

FAIRCHILD, J.

"Notice of motion for summary judgment and the papers in support thereof shall be served within 40 days after issue

is joined, subject to enlargement of time as provided in s. 269.45." [1]

The foregoing was incorporated in the statute by our rule, effective June 1, 1961.[2] It was intended to prevent the use of a motion for summary judgment for the purpose of delay. We referred to enlargement of time, however, to make it clear that the court could permit a late motion upon compliance with sec. 269.45, Stats.

Issue was joined in November, 1961, upon service of the original answer; there was no counterclaim; and either party could have served a notice of trial pursuant to sec. 270.115, Stats. Defendants point out that a somewhat-different issue was raised by the amended answer. Concededly if the forty days be counted from the latter date, the motion would be timely; if counted from the original joinder of issue, the motion would be six months late.

In the light of the purpose of our rule, we interpret it as requiring the forty days to be counted from the joinder as created by the original pleadings. Granting that there may be circumstances where the administration of justice will be best served by entertaining a motion for summary judgment long after the original pleadings, we think the power of the court to enlarge the time is adequate in such circumstances. Where the time has already expired, sec. 269.45 (2), Stats., authorizes extension in the discretion of the court, upon notice, showing of cause and excusable neglect.

We conclude that the motion in this case was late, and properly denied for that reason. We do not reach the merits of the motion. No application appears to have been made for an extension of time. If, however, the denial of the

[1] Sec. 270.635 (1), Stats.
[2] 11 Wis. (2d) p. vi.

motion were deemed a denial of an extension, the present record does not show any abuse of discretion.

*By the Court.*—Order affirmed.