CTI OF NORTHEAST WISCONSIN, LLC, Plaintiff-Appellant,

v.

Larry HERRELL and Kris Herrell, individually and d/b/a Concrete Technology of Wisconsin, Defendants-Respondents.

Court of Appeals

*No. 02–1881. Submitted on briefs November 25, 2002.—Decided December 17, 2002.*

2003 WI App 19

(Also reported in 656 N.W.2d 794.)

756

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *George Burnett, Sara E. Ramaker*, and *Liebmann, Conway, Olejniczak & Jerry, S.C.* of Green Bay.

On behalf of the defendants-respondents, the cause was submitted on the brief of *J. Steven Heil* and *Gonyo Law Office* of Berlin.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. HOOVER, P.J. CTI of Northeast Wisconsin, LLC, appeals a summary judgment and order[1] dismissing its case against Larry and Kristine Herrell and their company, Concrete Technology of Wisconsin (collectively, the Herrells). CTI contends that the trial court erred when, without notice to the parties, it converted the Herrells' motion to dismiss into a motion for summary judgment pursuant to WIS. STAT. § 802.06(2)(b).[2] We agree with CTI that the statute requires notice of conversion and an opportunity to present countervailing evidence. Because CTI received neither, we reverse the summary judgment and order and we remand for further proceedings.

---

[1] The trial court first ordered summary judgment be granted to the Herrells. CTI appealed. We dismissed the appeal on jurisdictional grounds because the trial court's order was not final. *See Radoff v. Red Owl Stores*, 109 Wis. 2d 490, 493–94, 326 N.W.2d 240 (1982). Subsequently, the court issued an order dismissing the case and CTI now appeals from that order.

[2] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

## Background

¶ 2. Following CTI's filing and service of an amended complaint against the Herrells, the Herrells filed a motion to dismiss the complaint for failure to state a claim. *See* WIS. STAT. § 802.06(2)(a)6.[3] The Herrells did not file an answer. The court set a briefing schedule for the motion to dismiss. The Herrells filed their brief, basing their legal arguments on § 802.06, which deals with judgments on the pleadings. To this brief, the Herrells attached an affidavit signed by Kristine.

¶ 3. In its response brief, CTI challenged the appropriateness of an affidavit if the Herrells' challenge was limited to the sufficiency of the pleadings. CTI also informed the court that if a motion for summary judgment were pursued, it would submit evidence to contradict Kristine's affidavit. However, CTI told the court it did not submit any of that evidence with its response because it believed such evidence was inappropriate on a motion designated and prosecuted strictly as one to dismiss the complaint pursuant to WIS. STAT. § 802.06(2).

¶ 4. The court issued its decision based on the briefs without a hearing. After the court considered Kristine's affidavit, it converted the motion to dismiss into one for summary judgment. Because CTI had not produced a countervailing affidavit, the court accepted

---

[3] The Herrells also alleged in their motion to dismiss that CTI failed to join a necessary party, *see* WIS. STAT. § 802.06(2)(a)7, and that another case was pending between the same parties, § 802.06(2)(a)10. However, neither of these subdivisions triggers § 802.06(2)(b).

the facts set forth in Kristine's affidavit as true and granted the summary judgment to the Herrells. CTI appeals.

## Discussion

¶ 5. We must determine whether WIS. STAT. § 802.06(2)(b) requires the court to give notice to parties that it is converting a motion to dismiss into one for summary judgment. Statutory construction is a question of law that we review de novo. *Truttschel v. Martin*, 208 Wis. 2d 361, 364–65, 560 N.W.2d 315 (Ct. App. 1997). If the terms of the statute are clear and unambiguous, we apply them as written without any further inquiry into their meaning. *State v. Charles R.P.*, 223 Wis. 2d 768, 771, 590 N.W.2d 21 (Ct. App. 1998). Here we must determine the meaning of the latter half of WIS. STAT. § 802.06(2)(b), which states in pertinent part:

> *If* on a motion asserting the defense described in par. (a) 6. to dismiss for failure of the pleading to state a claim upon which relief can be granted . . . *matters outside of the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment* and disposed of as provided in s. 802.08, *and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by s. 802.08.* (Emphasis added.)

We conclude that § 802.06(2)(b) requires the court to notify parties of its intent to convert a motion to dismiss for failure to state a claim to one for summary judgment.

¶ 6. Conversion of a motion to dismiss into a motion for summary judgment is not required under WIS. STAT. § 802.06(2)(b). If matters beyond the plead-

ings are submitted on a motion to dismiss for failure to state a claim, the trial court must then determine whether it should consider these additional matters. *See* WIS. STAT. § 802.06(2)(b). If the court excludes them, the court will proceed to analyze the motion based only on the pleadings and not extraneous information. *See id.* If, however, the court does not exclude the supplemental matters, it shall treat the motion to dismiss as a summary judgment motion. *Id.* When treating the motion as one for summary judgment, the court shall give all parties "reasonable opportunity to present all material made pertinent to such a motion by s. 802.08." *Id.*

¶ 7. The Herrells argue that CTI had a reasonable opportunity to present countervailing material because receipt of Kristine's affidavit put CTI on notice. In other words, the Herrells essentially argue that because every person is presumed to know the law, CTI should have known that the court could convert the Herrells' motion to dismiss. *See Putnam v. Time Warner Cable,* 2002 WI 108, ¶ 13 n.4, 255 Wis. 2d 447, 649 N.W.2d 626.

¶ 8. This argument would be more persuasive if conversion were required any time additional information was submitted beyond the pleadings. However, conversion is left to the trial court's discretion. Until and unless the court notifies the parties it will not exclude "matters outside of the pleadings" and will therefore treat a motion as one for summary judgment, the parties will be uncertain of their rights and responsibilities. Thus, we conclude that when a court converts a motion to dismiss for failure to state a claim into a motion for summary judgment pursuant to WIS. STAT. § 802.06(2)(b), the court must notify the parties and

761

provide them a reasonable opportunity to present material made pertinent by Wis. Stat. § 802.08.[4]

¶ 9. In *Neylan v. Vorwald*, 124 Wis. 2d 85, 95, 368 N.W.2d 648 (1985), our supreme court stated that a dismissal order for failure to prosecute entered without notice to the parties precluded the opportunity to be heard and, as such, violated the fundamentals of due process. Similarly, where a trial court fails to notify parties it is converting a motion to dismiss into one for summary judgment, the court precludes the parties' statutory opportunity to be heard by submission of pertinent information. This, too, violates due process.

[6]

¶ 10. Notice is required because without it, parties may not realize their right or obligation to respond.[5] What constitutes a reasonable opportunity to respond, however, will vary from case to case. *See Little v. Streater*, 452 U.S. 1, 5–6 (1981) (a meaningful opportunity, as part of constitutional due process, is flexible and calls for such procedural protections as the particular situation demands). Thus, because sometimes parties do respond without prompting from the trial court,

---

[4] This also holds true for conversions under Wis. Stat. § 802.06(3):

> If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in s. 802.08, and all parties shall be given reasonable opportunity to present all material made pertinent to the motion by s. 802.08.

[5] We point out that Wis. Stat. § 802.06(2)(b) specifically requires *all* parties have an opportunity to respond, not just a nonmoving party. While conversion may only adversely affect one party, the statute conveys rights to all parties.

they may occasionally be precluded from arguing a lack of notice or opportunity to reply. In *Envirologix Corp. v. City of Waukesha*, 192 Wis. 2d 277, 286–87, 531 N.W.2d 357 (1995), for example, the party claiming error did not file a motion but submitted the affidavit that triggered the conversion under Wis. Stat. 802.06(2) (1991–92).[6] In *Schopper v. Gehring*, 210 Wis. 2d 208, 216, 565 N.W.2d 187 (Ct. App. 1997), the appellant submitted his own affidavit as part of a reply and never suggested that he could produce additional, relevant evidence if given an opportunity. In both these cases, although the court never notified the parties of its conversion, the parties claiming error in conversion had already asserted their right to respond.

¶ 11. CTI never submitted any extraneous information that might somehow preclude it from arguing that it was denied an opportunity to be heard. In fact, CTI, in its brief to the trial court, noted at least twice that affidavits were improper on an application prosecuted strictly as a motion to dismiss. CTI also indicated that it had countervailing evidence available, but it declined to submit the evidence because it viewed the motion to dismiss as a procedurally premature time to present such information. The trial court did not err by making a conversion; it erred by failing to notify the parties it intended to do so. The failure to notify the parties deprived them, particularly CTI, of their due process right to submit material relevant to a summary judgment motion under Wis. Stat. § 802.08. Accordingly, we reverse the summary judgment and order.

---

[6] Although Wis. Stat. § 802.06(2) (1991–92) has become § 802.06(2)(b), the operative language is identical.

¶ 12. On remand, the trial court may proceed in one of two ways. The court may decide to exclude Kristine's affidavit and consider the Herrells' motion to dismiss without conversion. Alternatively, if the court decides to convert the Herrells' motion into one for summary judgment, it must notify both parties and provide them an opportunity to present additional information pursuant to the summary judgment procedures in WIS. STAT. § 802.08.

*By the Court.*—Judgment and order reversed and cause remanded with directions.