Jack SCHUETT and Diana Schuett,
Plaintiffs-Respondents,

v.

Richard L. HANSON, Jr.,
Defendant-Appellant.†

Court of Appeals

*No. 2006AP3014. Submitted on briefs August 27, 2007.
—Decided September 25, 2007.*

**2007 WI App 226**

(Also reported in 741 N.W.2d 292.)

† Petition to review denied 12/19/07.

730

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Sheila M. Sullivan* of *Bell, Gierhart & Moore, S.C.* of Madison.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Judith M. Bostetter* of *Schober, Bostetter & Heiden, S.C.* of Brookfield.

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. BRUNNER, J.    Richard Hanson, Jr., appeals a default judgment rendered against him after he failed to timely answer an amended complaint. Hanson argues he had no obligation to answer the amended complaint because it was not filed within six months of the original complaint and was therefore untimely pursuant to Wis. Stat. § 802.09(1).[1] He also argues that a default judgment was unavailable because he joined issue when he answered the original complaint. Finally, he contends the circuit court erroneously exercised its discretion when rejecting Hanson's argument that his failure to answer was the result of excusable neglect. We affirm the judgment.

## BACKGROUND

¶ 2.    On April 7, 2005, Jack and Diana Schuett filed a summons and complaint against Hanson, alleging misrepresentations in a real estate transaction. On October 6, 2005, the Schuetts served an amended complaint upon Hanson. Also on October 6, the Schuetts mailed the amended complaint to the court for filing, which occurred on October 11. While Hanson answered the original complaint, he failed to answer the amended complaint.

¶ 3.    Several months later, the Schuetts moved for a default judgment based upon Hanson's failure to answer the amended complaint. Hanson opposed the

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

Schuetts' motion, arguing a default judgment could not be rendered because he joined issue by answering the original complaint. Hanson also moved to strike the amended complaint, contending it was untimely, and to enlarge the time to answer, asserting his failure to timely do so was the result of excusable neglect. The circuit court rejected Hanson's arguments and granted the default judgment. Hanson appeals.

## DISCUSSION

*A. Timeliness of the Amended Complaint*

¶ 4. We first address whether the Schuetts' amended complaint was timely pursuant to Wis. Stat. § 802.09(1).[2] This is a question of statutory interpretation, which we review de novo. *See Garcia v. Mazda Motor of Am., Inc.*, 2004 WI 93, ¶ 7, 273 Wis. 2d 612, 682 N.W.2d 365. Statutory interpretation begins with a statute's text, which we give its common, ordinary, and accepted meaning, except that we give technical or

---

[2] The full text of Wis. Stat. § 802.09(1) states:

A party may amend the party's pleading once as a matter of course at any time within 6 months after the summons and complaint are filed or within the time set in a scheduling order under s. 802.10. Otherwise a party may amend the pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given at any stage of the action when justice so requires. A party shall plead in response to an amended pleading within 20 days after service of the amended pleading unless: a) the court otherwise orders; or b) no responsive pleading is required or permitted under s. 802.01(1). If a defendant in the action is an insurance company, if any cause of action raised in the original pleading, cross-claim, or counterclaim is founded in tort, or if the party pleading in response is the state or an officer, agent, employee, or agency of the state, the 20–day time period under this subsection is increased to 45 days.

specially defined words their technical or special definitions. *Kroeplin v. Wisconsin DNR*, 2006 WI App 227, ¶ 11, 297 Wis. 2d 254, 725 N.W.2d 286. We do not interpret statutory language in isolation, but rather in the context in which it is used. *Id.*

¶ 5.   The parties focus on the portion of Wis. Stat. § 802.09(1) that states, "A party may amend the party's pleading once as a matter of course at any time within 6 months after the summons and complaint are filed . . . ." The parties dispute when a complaint is "amended." The Schuetts contend a pleading is amended when it is served, while Hanson argues a pleading is amended only after it is filed. Here, the Schuetts' amended complaint was served by mail on October 6, 2005, within six months of when the original complaint was filed on April 7, 2005. However, the amended complaint was not filed until after six months, on October 11.

¶ 6.   We conclude that an amended pleading is "amended," pursuant to Wis. Stat. § 802.09(1), when it is served upon the parties. While the statutes do not explicitly define when a pleading is "amended," our conclusion is supported by the context of § 802.09(1) within the civil procedure statutes.

¶ 7.   An amended pleading is subject to the service and filing requirements of Wis. Stat. § 801.14.[3] Section 801.14 assumes that an amended pleading will be

---

[3] Wisconsin Stat. § 801.14(4) states:

All papers after the summons required to be served upon a party, except as provided in s. 804.01(6), shall be filed with the court within a reasonable time after service. The filing of any paper required to be served constitutes a certification by the party or attorney effecting the filing that a copy of such paper has been

served before it is filed and only requires an amended pleading to be filed "within a reasonable time" after service. *See* WIS. STAT. § 801.14(4). The time for responding to an amended pleading begins after "service of the amended pleading." WIS. STAT. § 802.09(1). Using Hanson's reasoning, one could never serve an "amended pleading" because the pleading would not be "amended" until later filed. Therefore, Hanson's assertion that an amended pleading is not amended until it is filed is contrary to the plain language of WIS. STAT. § 802.09(1), when read in conjunction with § 801.14(4).

¶ 8.  Because WIS. STAT. § 802.09(1) contemplates the service of amended pleadings, pleadings are necessarily "amended" no later than the time they are served. Therefore, in order to amend a pleading within six months of when the original summons and complaint are filed, a party must only serve the amended pleading upon the parties within that timeframe. Pursuant to WIS. STAT. § 801.14(4), the amended pleading must then be filed within a reasonable time after service.

*B. Whether Issue Was Joined*

¶ 9.  We also reject Hanson's argument that a default judgment was inappropriate because issue was joined when he answered the original complaint. He relies on the default judgment statute, specifically that portion stating:  "A default judgment may be rendered . . . if no issue of law or fact has been joined and if the time for joining issue has expired." WIS. STAT. § 806.02(1). Hanson cites our supreme court's decision

timely served on all the parties required to be served, except as the person effecting the filing may otherwise stipulate in writing.

■

in *Snowberry v. Zellmer*, 22 Wis. 2d 356, 126 N.W.2d 26 (1964), for the proposition that issue was joined because he answered the original complaint.

¶ 10.    In *Snowberry*, the court addressed whether a motion for summary judgment was timely filed. The relevant statute required the motion to be filed within forty days after issue was joined. *Id. at 357–58. The court concluded that issue was joined at the time of the original answer, not the amended answer, even though the amended answer asserted a "somewhat-different issue . . . ." Id. at 358.*

■

¶ 11.    We first note an obvious distinction between *Snowberry* and this case, which is that *Snowberry* involved only an amended answer, whereas this case involves an amended complaint. *See id.* Where an amended complaint makes no reference to the original complaint and incorporates no part of the original complaint by reference, the amended complaint supplants the original. *Holman v. Family Health Plan*, 227 Wis. 2d 478, 487, 596 N.W.2d 358 (1999). In doing so, the "amended complaint becomes the only live, operative complaint . . . on which default judgment [may] be entered." *Id.* at 484.

¶ 12.    Here, unlike *Snowberry*, the original complaint was rendered a nullity when supplanted by the amended complaint. *See Holman*, 227 Wis. 2d 484–87. Further, because WIS. STAT. § 802.09(1) requires an amended complaint to be answered, Hanson's answer to an original complaint does not stand as an answer to an amended complaint. *See Bell v. Employers Mut. Cas. Co.*, 198 Wis. 2d 347, 363, 541 N.W.2d 824 (Ct. App. 1995).

¶ 13.    Therefore, once the amended complaint supplanted the original, the amended complaint stood

alone, waiting to be answered pursuant to WIS. STAT. § 802.09. Any previous joining of issue resulting from Hanson answering the original complaint was, by this point, nullified. To join issue, Hanson was required to answer the amended complaint, which he did not do. Because no issue has been joined with the only live, operative complaint in this case, we reject Hanson's argument that a default judgment was precluded by WIS. STAT. § 806.02(1).

## C. Excusable Neglect

¶ 14. Hanson's final argument is that the circuit court erred when declining to find that Hanson's failure to answer the amended complaint was the result of excusable neglect. Pursuant to WIS. STAT. § 801.15(2)(a), the circuit court could enlarge the time to answer the amended complaint if Hanson's failure to timely do so was the result of excusable neglect. Excusable neglect is that neglect which might have been the act of a reasonably prudent person under the same circumstances. *Hedtcke v. Sentry Ins. Co.*, 109 Wis. 2d 461, 468, 326 N.W.2d 727 (1982). It is not synonymous with neglect, carelessness, or inattentiveness. *Id.*

¶ 15. Hanson makes a number of arguments regarding excusable neglect. Referencing his argument about the timeliness of the amended complaint, Hanson argues a reasonable person would not believe an answer was necessary. He also asserts he acted promptly to strike the amended complaint and to enlarge the time to answer after the Schuetts filed their motion for default judgment. Finally, he contends there is no assertion he acted in bad faith or that the Schuetts were prejudiced by his failure to answer.

¶ 16.  Hanson conspicuously avoids the central question of why he actually failed to answer the amended complaint. In fact, he never offered an explanation to the circuit court. The closest Hanson came to doing so was asserting, in his brief to the court, that he mistakenly believed an answer had been filed.[4] While this might explain why he did not move for an enlargement of time sooner, it does not explain why he failed to answer initially. The circuit court was therefore presented with no basis for concluding that Hanson's failure to answer was the result of excusable neglect.

*By the Court.*—Judgment affirmed.

---

[4] We note that this assertion was not in the form of an affidavit or testimony.