COURT OF APPEALS
DECISION
DATED AND FILED

May 16, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1**

STATE OF WISCONSIN

Cir. Ct. No. 2020CV5561

IN COURT OF APPEALS
DISTRICT I

JENNIFER BUTH,

PLAINTIFF-APPELLANT,

V.

DANIEL PYAWASAY AND JODI PYAWASAY,

DEFENDANTS-RESPONDENTS,

WILLIAM J. PROM, INC., D/B/A REALTY EXECUTIVES ELITE,

DEFENDANT.

APPEAL from an order of the circuit court for Milwaukee County: WILLIAM SOSNAY, Judge. *Affirmed in part; reversed in part and cause remanded for further proceedings*.

Before Brash, C.J., Donald, P.J., and White, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Jennifer Buth appeals from the order of the circuit court granting summary judgment to Daniel and Jodi Pyawasay (the Pyawasays) and dismissing her claims of misrepresentation and fraud in the Pyawasays' sale of their home to Buth.  Buth argues that the circuit court granted judgment prior to the issues being joined for trial because the Pyawasays failed to answer the amended complaint.  We agree that the issues were not joined; therefore, we reverse the circuit court's order with regard to the summary judgment and we remand for further proceedings.  The court's order addressed multiple other motions:  we reverse the three evidentiary motions denied as moot, but we affirm the orders denying default judgment and dismissing the Pyawasays' counterclaim.

## BACKGROUND

¶2     This case begins with Buth's purchase of a house owned by the Pyawasays' located in Greendale (the Property) in July 2020.  Buth filed a complaint against the Pyawasays and their real estate agent, William J. Prom, Inc., in September 2020, alleging nine counts:  fraudulent misrepresentation, theft by fraud, breach of contract, breach of warranty, breach of implied warranty, intentional misrepresentation, fraud in the inducement, negligent misrepresentation, and strict liability misrepresentation.  Buth alleged that when she entered the Property after closing she was confronted with a serious pet urine problem affecting the duct work, flooring, and subflooring.  Additionally, she alleged that in the attempted remediation of the pet urine problem, she discovered that certain repairs and remodeling of the Property had been completed without required permits.

¶3      After both the Pyawasays and their real estate agent answered, Buth filed an amended complaint in January 2021.  The record reflects that the real estate agent filed an answer to the amended complaint, but the Pyawasays did not. The Pyawasays' original counsel moved to withdraw and replacement counsel stipulated to represent them in April 2021.  Shortly after that, the court signed an amended scheduling order as stipulated by the parties, which was then amended again by stipulation in June 2021.  The parties each filed motions to exclude certain expert witnesses and certain evidence.

¶4      The Pyawasays moved for summary judgment in September 2021, positing that Buth's claims were baseless and arguing that even if her allegations were true, there was no "defect" of the Property under the law.  The Pyawasays contended an alleged pet odor is not a defect of the Property that would need to be disclosed on the Real Estate Condition Report, pursuant to WIS. STAT. § 709.03 (2021-22).[1]

¶5      Two days later, Buth moved for default judgment because the Pyawasays failed to file an answer or other responsive pleading to the amended complaint and the time for joining had expired, pursuant to WIS. STAT. § 802.06. She also moved to strike the Pyawasays' evidentiary motions and motion for summary judgment.

¶6      On November 2, 2021, the circuit court conducted a hearing on the Pyawasays' motion for summary judgment, Buth's motion for default judgment, Buth's motion to strike the summary judgment motion, and the parties' various

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

evidentiary motions. The court reviewed the facts and procedural posture of the case. Addressing the motion for default judgment, the court noted that "in order to preserve judicial time and resources," the court may consider whether it would be compelled to reopen a default judgment on the grounds of "excusable neglect." In opposing the motion for default judgment, the Pyawasays argued that their original counsel was a family friend and not skilled in litigation. The court considered whether "extraordinary circumstances [were] present justifying relief in the interest of justice" citing to *Miller v. Hanover Ins. Co.*, 2010 WI 75, 326 Wis. 2d 640, 785 N.W.2d 493. The court concluded that the policy and legal standard weighed in favor of denying the motion for default judgment because the allegations in the amended complaint were the same as the original complaint and the Pyawasays have a meritorious defense to Buth's claims. The court denied the motion for default judgment.

¶7 The court then turned to the motion for summary judgment. The court examined WIS. STAT. § 709.03, which sets forth the required information in a Real Estate Condition Report. It noted that for this purpose, a "defect" was "a condition that would have a significant adverse effect on the value of the property … significantly impair the health or safety of future occupants of the property, or that if not repaired, removed or replaced, would significantly shorten or adversely affect the expected normal life of the premises." The court concluded that a pet odor in the home was not a "defect" as defined by § 709.03; it would not "significantly impair the health or safety of the occupants or shorten the normal life of the premises." It noted that the examples provided by the legislature and in case law do not include pet odor. Therefore, the court concluded that as a matter of law, there was no genuine issue of material fact in dispute and the Pyawasays

were entitled to judgment as a matter of law. The court granted judgment to the Pyawasays and dismissed Buth's action.

¶8 When clarification was requested by Buth's counsel, the circuit court explained that default judgment was disfavored under the law. "Here, even while the letter of the law, arguably, and I say that in that context, may have been broken, the spirit of the law provides that that should not be granted." The court further denied the Pyawasays' counterclaim for emotional distress in their original answer.

¶9 Buth appeals the order granting summary judgment. Buth does not challenge the default judgment decision.

## DISCUSSION

¶10 Buth argues that the circuit court erred when it granted summary judgment before the issues were joined. To resolve this appeal, we consider both the standards to review summary judgment and joining issues.

¶11 A civil action commences with a summons and complaint in accordance with WIS. STAT. § 801.02. *See Split Rock Hardwoods, Inc. v. Lumber Liquidators, Inc.*, 2002 WI 66, ¶1, 253 Wis. 2d 238, 646 N.W.2d 19. The defendant then serves an answer or with certain statutory defenses, a motion, within the time specified in WIS. STAT. § 802.06(1). Filing an answer joins the issue. *See Schuett v. Hanson*, 2007 WI App 226, ¶13, 305 Wis. 2d 729, 741 N.W.2d 292. "A party may amend the party's pleading once as a matter of course at any time within 6 months after the summons and complaint are filed or within the time set in a scheduling order…." WIS. STAT. § 802.09(1). "An amended pleading is subject to the service and filing requirements of WIS. STAT. § 801.14,"

and it is "'amended,' pursuant to []§ 802.09(1), when it is served upon the parties." ***Schuett***, 305 Wis. 2d 729, ¶¶6-7. "Where an amended complaint makes no reference to the original complaint and incorporates no part of the original complaint by reference, the amended complaint supplants the original." ***Id.***, ¶11.

¶12 As a general rule, the circuit court may not hear a motion for summary judgment before the pleadings are complete. *See **City of La Crosse v. Jiracek Cos., Inc.,*** 108 Wis. 2d 684, 690, 324 N.W.2d 440 (Ct. App. 1982).[2] "Whether the circuit court properly granted summary judgment … is a question of law that we review independently, applying the same standards used by the circuit court." ***Tatera v. FMC Corp.***, 2010 WI 90, ¶15, 328 Wis. 2d 320, 786 N.W.2d 810. Summary judgment is governed by WIS. STAT. § 802.08. "Summary judgment is appropriate where there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law." ***Tews v. NHI, LLC***, 2010 WI 137, ¶42, 330 Wis. 2d 389, 793 N.W.2d 860.

¶13 On appeal, it appears undisputed that the circuit court acted within its discretion to deny the motion for default judgment because it concluded that the Pyawasays may have had a meritorious defense of excusable neglect to pursue vacating a default judgment under WIS. STAT. § 806.07. *See **J.L. Phillips & Assocs., Inc. v. E & H Plastic Corp.***, 217 Wis. 2d 348, 357, 577 N.W.2d 13 (1998). Further, it appears undisputed that the amended complaint did not incorporate by reference any part of the original complaint and in effect,

---

[2] We note that a motion to dismiss pursuant to WIS. STAT. § 802.06(2) may be heard before the pleadings are complete and the circuit court may convert a motion to dismiss for failure to state a claim into a summary judgment motion, but only with requisite notice to all parties. ***CTI of Ne. Wisconsin, LLC v. Herrell***, 2003 WI App 19, ¶5, 259 Wis. 2d 756, 656 N.W.2d 794.

supplanted the original. *See Schuett*, 305 Wis. 2d 729, ¶11. Therefore, after the default judgment was denied, the posture of the case was that the amended complaint was the operative complaint to which the Pyawasays had not answered, and the time for joining issues had expired.

¶14 Our supreme court addressed what should occur under similar circumstances:

> If a defendant fails to file a timely served answer within a reasonable time after service, the plaintiff may move for a "just" order under WIS. STAT. § 805.03…. The plaintiff's motion may seek the immediate filing of the answer or an appropriate sanction, including costs and attorney's fees, or both. The motion may also ask the court to strike the answer and enter a default judgment as a sanction if the plaintiff can show prejudice to itself or to the court.
>
> The appropriate response to a motion to strike an answer on grounds that the answer was not filed within a reasonable time after service is to file the answer and then move to enlarge time under WIS. STAT. § 802.01(2). Moving to enlarge time under § 802.01(2) will give the circuit court flexibility in weighing the facts, the equities, and the policies at issue.

*Split Rock Hardwoods, Inc.*, 253 Wis. 2d 238, ¶¶54-55 (footnotes omitted). Here, Buth both moved for default judgment and moved to strike the Pyawasays' motion for summary judgment and evidentiary motions.[3] The record reflects that the circuit court denied both motions, although it spent the majority of its analysis on

---

[3] The record does not reflect that affidavits of service with regard to the amended complaint were filed with the court—a point raised in the Pyawasays' briefs to the circuit court. However, this issue was not addressed or analyzed by the circuit court. We decline to address this issue without adequate factual development. *See generally Storm v. Legion Ins. Co.*, 2003 WI 120, ¶5, 265 Wis. 2d 169, 665 N.W.2d 353 (remanding an issue that was factual in nature and not addressed by the circuit court).

the default judgment and it did not consider options to deal with the unanswered amended complaint.

¶15 When Buth moved for default or to strike, the Pyawasays did not move to expand their time to answer, but instead made four arguments to the circuit court in opposition. They argued that: (1) the circuit court lacked personal jurisdiction over the case because the original summons was not personally served because the named party was the singular fictitious person Daniel and Jodi Pyawasay; (2) the amended summons and complaint was not personally served on Daniel or Jodi; (3) both the original and amended summons and complaints were improperly signed; and (4) the amended summons failed to state the addresses of the parties. These matters were not resolved before the circuit court.

¶16 During the motion hearing, the circuit court moved quickly from the default judgment to the summary judgment motion. It did not address that the issues were not joined by the unanswered amended complaint, which meant that a summary judgment motion could not be heard in this procedural posture. The pleadings must be complete for the circuit court to hear a motion for summary judgment. *See City of La Crosse*, 108 Wis. 2d at 690. The court acknowledged that the amended complaint was nearly identical to the original complaint, adjusting only the named defendants. However, we conclude that the previous joining of issues resulting from the Pyawasays' answer to the original complaint were "nullified." *See Schuett*, 305 Wis. 2d 729, ¶13. Further, the circuit court did not address the Pyawasays' arguments about personal jurisdiction. Moreover, the court did not decide that the amended complaint did not supplant the original

complaint or that the Pyawasays were excused from answering the amended complaint.[4]

¶17　We conclude that the circuit court's decision to grant summary judgment was premature. Because the issues had not been joined, the Pyawasays could not be entitled to judgment as a matter of law. *See* WIS. STAT. § 802.08. We reverse the circuit court's order in part, with regard to summary judgment, as well as the three evidentiary motions denied as moot, but we affirm the orders denying default judgment and dismissing the Pyawasays' counterclaim. We remand for further proceedings consistent with this decision, beginning again after default judgment was denied.[5] The circuit court must determine whether the Pyawasays may enlarge the scheduling order to have time to answer the amended complaint—or to pursue motions in lieu of an answer pursuant to WIS. STAT. § 802.06(2).[6] Only after the issues are joined, may the circuit court consider any summary judgment motions. *See* ***City of La Crosse***, 108 Wis. 2d at 690.

---

[4] The Pyawasays devote considerable argument on appeal to their interpretation of Buth's argument, contending that Buth asserted that the circuit court lacked authority to excuse them from answering the amended complaint. Our examination of the record supports that Buth argues that the circuit court did not, in fact, expressly excuse the Pyawasays from answering the amended complaint, not that it lacked authority. The record from the motion hearing shows that the circuit court did not expressly excuse the Pyawasays from answering the amended complaint. Because this argument is not based on the facts in the record or in response to Buth's argument, we reject it and do not address it further.

[5] The Pyawasays argue that Buth failed to respond to the motion for summary judgment; the record reflects that Buth moved to strike that motion instead. Because we have reversed the order granting summary judgment, on remand, that motion and its briefing are no longer pending.

[6] Alternatively, we do not preclude the circuit court from determining whether the Pyawasays' unaddressed jurisdictional claims have merit or have been waived. The Pyawasays ask this court to affirm on alternative grounds on these issues; however, we decline to do so because the claims have not been analyzed by the circuit court. *See generally* ***Storm***, 265 Wis. 2d 169, ¶5 (remanding an issue that was factual in nature and not addressed by the circuit court).

¶18    On appeal, the Pyawasays also brought a motion for costs pursuant to WIS. STAT. § 809.25(3), arguing that Buth filed a frivolous appeal. "If an appeal … is found to be frivolous by the court, the court shall award to the successful party costs, fees, and reasonable attorney fees under this section." *Id.* The Pyawasays argue that Buth and counsel should have known that the appeal was "without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law." *See* § 809.25(3)(c)2. Because we conclude that the summary judgment was granted in error before the issues were joined, this appeal was not frivolous. Therefore, the Pyawasays' motion for costs is denied.

**CONCLUSION**

¶19    For the reasons stated above, we conclude that the circuit court erred when it granted summary judgment to the Pyawasays. We reverse that part of the order as well as the three evidentiary motions denied as moot, but we affirm the orders denying default judgment and dismissing the Pyawasays' counterclaim. We remand for further proceedings consistent with this decision.

*By the Court.*—Order affirmed in part; order reversed in part and cause remanded for further proceedings.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.