COURT OF APPEALS
DECISION
DATED AND FILED

October 31, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP410**

STATE OF WISCONSIN

Cir. Ct. No. 2022CV256

IN COURT OF APPEALS
DISTRICT IV

JEFF VEACH AND RAMONA VEACH,

PLAINTIFFS-APPELLANTS,

V.

JENNI SCHECK, AS SPECIAL ADMINISTRATOR OF CHARLES BARBER'S ESTATE, AND JENNI SCHECK, AS PERSONAL REPRESENTATIVE OF MARGO BARBER'S ESTATE,

DEFENDANTS-RESPONDENTS.

APPEAL from an order of the circuit court for Columbia County: W. ANDREW VOIGT, Judge. *Affirmed.*

Before Kloppenburg, P.J., Graham, and Taylor, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Jeff Veach and Ramona Veach brought several claims against Charles Barber and Margo Barber alleging that the Barbers were improperly using an easement that crosses the Veaches' property.[1] The circuit court granted summary judgment dismissing the complaint based on its conclusions that the Veaches' claims are barred by the doctrine of claim preclusion and that the Veaches' action fails to state a claim. The Veaches appeal, arguing that, with respect to claim preclusion, the court erred in two ways: (1) by improperly converting the Barbers' motion to dismiss to a motion for summary judgment; and (2) by improperly applying the doctrine of claim preclusion to the Veaches' claims. We conclude that the court did not err in either of these respects, and, therefore, we affirm the summary judgment order on claim preclusion grounds.[2]

## BACKGROUND

¶2 There is no dispute as to the following material facts.

---

[1] Both Charles Barber and Margo Barber died during the pendency of this litigation. This court granted the motion to substitute Jenni Scheck—the special administrator of Charles's estate and the personal representative of Margo's estate—as a party for both Charles and Margo. For ease of reading, we refer to the defendants-respondents in this opinion as the Barbers.

[2] Because our conclusion with respect to claim preclusion is dispositive, we do not address whether the court properly dismissed the Veaches' action for failure to state a claim. *See Barrows v. American Fam. Ins. Co.*, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508 (2013) ("An appellate court need not address every issue raised by the parties when one issue is dispositive.").

¶3     In January 2000, the Veaches purchased land on Cactus Acres Road in the Town of Lodi, Wisconsin (the "Veach lot"). The Barbers own two nearby parcels of land in the Town of Lodi that are relevant to this dispute: "Lot 1," which the Barbers purchased in June 1991, and "Lot 21," which the Barbers purchased in October 1992. These parcels are depicted on the following map[3]:



¶4     Lot 1, which is depicted in the bottom left corner of the map, can be accessed from Cactus Acres Road. Lot 21, which is depicted in the upper left corner of the map, is landlocked in that it does not border a public road. Because Lot 21 is landlocked, the warranty deed for Lot 21 includes an easement providing the Barbers with a right-of-way for pedestrian and vehicular travel ("the easement") which traverses parcels of land owned by other individuals. The easement approximately follows the dotted line depicted in the above map: the

_____

[3] This map is the same as the map that we included in our prior decision regarding the 2020 easement dispute case between the Veaches and the Barbers. *See Veach v. Barber*, No. 2021AP1030, unpublished slip op. ¶7 (WI App June 23, 2022).

easement begins at the lower right side of the map off of Cactus Acres Road; extends north from Cactus Acres Road along a pedestrian and vehicle right-of-way; extends west across four parcels owned by the Matteis, Zieglers, Roudebushes, and Veaches; extends roughly southwest across Lot 21; and ends "up to and including the boundary of Lot 1" (as stated in the easement language). The Barbers built a house and garage on Lot 1 and installed a driveway to Lot 1 along the length of the easement, including the portions of the easement that traverse the Veach lot, Lot 21, and the boundary of Lot 1.

¶5    In March 2020, the Veaches commenced an action against the Barbers, Matteis, Zieglers, and Roudebushes (the "2020 action").[4]    Pertinent to this appeal, the 2020 action sought, among other relief:  (1) a declaratory judgment that the easement was intended to benefit and serve all of the properties that it traverses and entitles the Veaches to an easement for ingress and egress; and (2) an order amending the Veaches' deed to include the easement based on statutory and equitable remedies which the Veaches requested the circuit court apply.

¶6    In the 2020 action, the circuit court denied summary judgment for the Veaches and granted summary judgment for the Barbers on all claims, determining that neither the deed for the Veach lot nor the deed for Lot 21 entitles the Veaches to an easement to access the Veach lot.  The court also dismissed as moot all of the Veaches' claims against the Matteis, Zieglers, and Roudebushes.  This court affirmed the circuit court's summary judgment decision in an

_____

[4] A complete background of the 2020 action is set forth in this court's decision in *Veach*, No. 2021AP1030.

unpublished opinion. *Veach v. Barber*, No. 2021AP1030, unpublished slip op. (WI App June 23, 2022).

¶7 In September 2022, the Veaches commenced the present action against the Barbers contending that the Barbers are not entitled to use the easement to access Lot 1 and that the Barbers are trespassing and causing other harms to the Veaches when they do so. The Veaches requested an injunction to prevent the Barbers from using the portion of the easement traversing the Veach lot to access Lot 1, an order that the Barbers remove the driveway that traverses the Veach lot, and punitive damages. The Veaches attached to their complaint a number of deeds, survey maps, and legal descriptions of the easement and parcels at issue.[5] Many of these attached documents appear to be identical to documents that were attached to the Veaches' complaints in the 2020 action.

¶8 The Barbers moved to dismiss the Veaches' 2022 complaint pursuant to WIS. STAT. § 802.06(2)(a) (2021-22) on two grounds: claim preclusion and failure to state a claim on which relief can be granted.[6] With respect to claim preclusion, the Barbers contend that the Veaches' claims in the present action involve the same parties and properties as the 2020 action and could have been litigated at that time. To support their claim preclusion argument, the

---

[5] Specifically, the Veaches attached the following documents, using the descriptions of these documents in the complaint: a map of the unrecorded Cactus Acres Plat showing the Veach lot, Lot 21, and the easement; a warranty deed for the Veach lot; a copy of the certified survey map for the Veach lot; the land contract that the Barbers used to buy Lot 21 from the previous owner; the warranty deed for Lot 21; the separately recorded easement; an aerial view of Lot 1; and a survey map of the Cactus Acres Plat.

[6] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

Barbers attached to their motion an affidavit with numerous exhibits containing materials from the 2020 action.[7]

¶9    The Veaches filed a response brief opposing the motion to dismiss, arguing that the complaint states a claim for relief and should not be dismissed because of claim preclusion. Additionally, the Veaches argued that the documents attached to the Barbers' motion to dismiss are outside of the pleadings and may not be considered unless the motion to dismiss is converted to a motion for summary judgment. In the alternative, the Veaches contended that, if the Barbers' motion is converted to a motion for summary judgment, there are genuine issues of material fact and the Barbers are not entitled to judgment as a matter of law. The Veaches each attached a separate affidavit in opposition to summary judgment in which they each averred that they were unaware "until recently" that the Barbers were using the easement to access Lot 1.

¶10    In an oral ruling, the circuit court construed the Barbers' motion to dismiss as a motion for summary judgment. The court granted summary judgment for the Barbers on claim preclusion grounds and for failure to state a claim on which relief can be granted. The Veaches appeal.[8]

---

[7] Specifically, the Barbers attached to their motion to dismiss the following materials from the 2020 action: the Veaches' summons and complaint; the Veaches' amended summons and complaint; the Veaches' second amended summons and complaint; the circuit court's order for summary judgment; this court's decision affirming the circuit court; the Wisconsin Supreme Court's acknowledgment of the Veaches' petition for review; and an affidavit from the Veaches' attorney (which in turn contains numerous attached documents, some of which appear to be identical to the documents attached to the Veaches' complaint in the present case).

[8] The record contains a motion for reconsideration filed by the Veaches, but there is no indication that the parties or the circuit court took any further action on this motion before the Veaches filed their notice of appeal. Therefore, we make no further reference to the motion for reconsideration.

## DISCUSSION

¶11    On appeal, the Veaches argue that the circuit court erred in granting summary judgment for the Barbers by:  (1) improperly construing the Barbers' motion to dismiss as a motion for summary judgment; and (2) improperly dismissing the Veaches' action on claim preclusion and failure to state a claim grounds.  For the following reasons, we conclude that the court properly granted summary judgment for the Barbers on claim preclusion grounds.

### I.  Summary Judgment

¶12    A party may move to dismiss a complaint based on claim preclusion (formerly known as *res judicata*).  WIS. STAT. § 802.06(2)(a)8.[9]  When reviewing a motion to dismiss, the court must "accept as true all facts well-pleaded in the complaint and the reasonable inferences therefrom."  *Andruss v. Divine Savior Healthcare Inc.*, 2022 WI 27, ¶15, 401 Wis. 2d 368, 973 N.W.2d 435.  However, if "matters outside of the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment."  *Id.* (quoting § 802.06(2)(b)).  In such instances, "all parties shall be given reasonable opportunity to present all material made pertinent to [a motion for summary judgment.]"  *Id.* (quoting § 802.06(2)(b)).

¶13    The conversion of a motion to dismiss to a motion for summary judgment rests in the circuit court's discretion to accept or exclude the matters outside the pleadings that have been submitted.  *CTI of Ne. Wis., LLC v. Herrell*, 2003 WI App 19, ¶8, 259 Wis. 2d 756, 656 N.W.2d 794 (2002).  The court

---

[9] In Wisconsin, the "term *claim preclusion* replace[d] *res judicata*."  *Kruckenberg v. Harvey*, 2005 WI 43, ¶18 n.11, 279 Wis. 2d 520, 694 N.W.2d 879.

properly exercises its discretion if it examines the relevant facts, applies a proper standard of law, and uses a demonstrated rational process to reach a reasonable conclusion. ***Loy v. Bunderson***, 107 Wis. 2d 400, 414-15, 320 N.W.2d 175 (1982). "[W]hen a court converts a motion to dismiss … []to a motion for summary judgment pursuant to WIS. STAT. § 802.06(2)(b), the court must notify the parties and provide them a reasonable opportunity to present material made pertinent by WIS. STAT. § 802.08," the summary judgment statute. ***CTI***, 259 Wis. 2d 756, ¶8.[10]

¶14    Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  WIS. STAT. § 802.08(2). Whether the circuit court properly granted summary judgment is a question of law that we review independently. ***Andruss***, 401 Wis. 2d 368, ¶23.

¶15    Here, the Veaches argue that the circuit court failed to notify them of the court's decision to convert the Barbers' motion to dismiss to a motion for

---

[10] WISCONSIN STAT. § 802.08(3) governs the materials supporting a summary judgment motion:

> Supporting and opposing affidavits shall be made on personal knowledge and shall set forth such evidentiary facts as would be admissible in evidence.  Copies of all papers or parts thereof referred to in an affidavit shall be attached thereto and served therewith, if not already of record.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this section, an adverse party may not rest upon the mere allegations or denials of the pleadings but the adverse party's response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against such party.

summary judgment. According to the Veaches, the court's failure to provide such notice deprived the Veaches of the opportunity to present additional material. For the following reasons, we are not persuaded.

¶16 As set forth in *CTI*, a party sometimes does respond without prompting from the circuit court that a motion to dismiss based on claim preclusion could be converted to a summary judgment motion, and the party addresses the motion accordingly. *CTI*, 259 Wis. 2d 756, ¶10. In such an instance, that party may be precluded from arguing a lack of notice or opportunity to reply. *Id.* *CTI* provides an example of such an instance in its reference to *Schopper v. Gehring*, 210 Wis. 2d 208, 216, 565 N.W.2d 187 (Ct. App. 1997), in which the appellant "submitted his own affidavit as part of a reply and never suggested that he could produce additional, relevant evidence if given an opportunity." *CTI*, 259 Wis. 2d 756, ¶10. In other words, when a party claiming error in conversion has already asserted the right to respond as if the motion had been converted to summary judgment, the party may be precluded from arguing a lack of notice or opportunity to reply. *Id.*

¶17 Here, the Veaches' response brief opposing the Barbers' motion to dismiss contained an alternative argument that treated the motion to dismiss as a motion for summary judgment. The Veaches noted the standards for summary judgment as well as the procedure for converting a motion to dismiss to a motion for summary judgment in arguing that, in relevant part, summary judgment was inappropriate because there are genuine issues of material fact. Like the Barbers, the Veaches submitted materials outside of the pleadings, including separate affidavits by Jeff Veach and Ramona Veach, in support of their opposition to summary judgment. The Veaches do not detail any additional documents they were precluded from submitting to the circuit court or attaching to their affidavits.

Further, at no point during the oral argument on the motion did the Veaches argue against the granting of summary judgment based on the court's failure to notify them of the conversion of the motion or because they were prevented from filing or including additional documents. Because the Veaches responded to a potential conversion of the motion to dismiss to a motion for summary judgment without prompting from the circuit court, they are precluded from opposing this conversion here. *See id.* Accordingly, we reject this argument.

## II. Claim Preclusion

¶18    The doctrine of claim preclusion provides that "a final judgment on the merits in one action bars parties from relitigating any claim that arises out of the same relevant facts, transactions, or occurrences." ***Kruckenberg v. Harvey***, 2005 WI 43, ¶19, 279 Wis. 2d 520, 694 N.W.2d 879. In other words, claim preclusion can apply not only to matters that were litigated in the former proceedings on which there was a final judgment on the merits, but to all matters that might have been litigated in the former proceedings. *Id.* Whether a cause of action is barred by the doctrine of claim preclusion is a question of law that we determine independently. *Id.*, ¶17.

¶19    The claim preclusion doctrine serves many important purposes. Claim preclusion is "designed to draw a line between the meritorious claim on the one hand and the vexatious, repetitious and needless claim on the other hand." ***Teske v. Wilson Mut. Ins. Co.***, 2019 WI 62, ¶24, 387 Wis. 2d 213, 928 N.W.2d 555 (citation omitted). The doctrine "provides an effective and useful means to establish and fix the rights of individuals, to relieve parties of the cost and vexation of multiple lawsuits, to conserve judicial resources, to prevent inconsistent decisions, and to encourage reliance on adjudication." *Id.* (citation

omitted). This doctrine also recognizes that "endless litigation leads to chaos; that certainty in legal relations must be maintained; that after a party has had [the party's] day in court, justice, expediency, and the preservation of the public tranquility requires that the matter be at an end." *Id.* (citation omitted).

¶20 For claim preclusion to bar an action, the following elements must be present: "(1) [an] identity between the parties or their privies in the prior and present suits; (2) [the] prior litigation resulted in a final judgment on the merits by a court with jurisdiction; and (3) [an] identity of the causes of action in the two suits." *Kruckenberg*, 279 Wis. 2d 520, ¶21. Here, the parties do not dispute that the second element is met—*i.e.*, that the 2020 action resulted in a final judgment on the merits on all claims brought by the Veaches against the Barbers.

¶21 With respect to the first element concerning the identity between the parties, the Veaches allege for the first time in one sentence in their reply brief that the parties are not the same between the present action and the 2020 action because the present action "is between only the Barbers and the Veaches." We conclude that the Veaches forfeited this argument, and we will not address it further. *See Van Oudenhoven v. DOJ*, 2024 WI App 38, ¶34, 413 Wis. 2d 15, 10 N.W.3d 402 ("This court need not address arguments that are raised for the first time on appeal, or ... raised for the first time in the reply brief." (citation omitted)).

¶22 Therefore, our task is to determine whether there is identity between the causes of action in the present case and the causes of action in the 2020 case.

¶23 In determining whether an identity exists between the causes of action in two cases, it makes a difference if the previous action resulted in a declaratory judgment. In most cases, "a final judgment is conclusive in all subsequent actions between the same parties as to any claim or cause of action that

was litigated or *could have been litigated* in the first action." ***National Operating, L.P. v. Mutual Life Ins. Co. of N.Y.***, 2001 WI 87, ¶67, 244 Wis. 2d 839, 630 N.W.2d 116. However, a different standard applies when the previous action resulted in a declaratory judgment. In such cases, the previously issued declaratory judgment "is only binding as to matters which were actually decided therein." ***Id.***, ¶68 (citation omitted). Therefore, when the previous action resulted in a declaratory judgment, the claim preclusion doctrine only prohibits a party from relitigating a matter that was "actually decided." ***Id.***

¶24 On appeal, the Veaches cite to ***National Operating*** to argue that their cause of action is not barred by the claim preclusion doctrine because the 2020 action resulted in a declaratory judgment and did not "actually decide[]" the issue they raise in the present case. This argument fails because the Veaches did not raise it in the circuit court. Under the forfeiture rule, "issues not presented to the trial court will not be considered for the first time at the appellate level." ***Shadley v. Lloyds of London***, 2009 WI App 165, ¶25, 322 Wis. 2d 189, 776 N.W.2d 838. This rule requires a party to raise "particular arguments" with the circuit court, not merely "general issues." ***Townsend v. Massey***, 2011 WI App 160, ¶25, 338 Wis. 2d 114, 808 N.W.2d 155. To avoid forfeiture, it is not enough that the argument merely relates to issues that were raised below. ***Id.***, ¶19. Here, the Veaches never argued to the circuit court that a different claim preclusion standard might apply because the 2020 case resulted in, among other things, a denial of the Veaches' claim for declaratory relief. Although the Veaches mentioned that the 2020 case was a declaratory judgment action, they did not raise a "particular argument" in the circuit court regarding the application of a distinct claim preclusion standard to a declaratory judgment cause of action. We conclude that the Veaches forfeited this argument.

¶25 The Veaches contend that they did not forfeit this argument because they discussed the "substance" of this argument in the circuit court. In support, the Veaches rely on *Hagenkord v. State*, 100 Wis. 2d 452, 302 N.W.2d 421 (1981). In that case, our supreme court concluded that the defendant's failure to specifically mention the confrontation clause in his objection did not forfeit the issue because the circuit court and opposing counsel understood "the nature and basis of the objection." *Id.* at 468. In the present case, there is no indication that the circuit court or the Barbers understood the Veaches' response to the Barbers' motion to dismiss as raising the different claim preclusion standard for declaratory judgment actions. Rather, the record shows that the court and the Barbers operated under the ordinary claim preclusion standard. Thus, *Hagenkord* does not save the Veaches from forfeiture.

¶26 The Veaches' failure to raise the claim preclusion standard for declaratory judgments in the circuit court was significant because the circuit court in the 2020 action not only denied the Veaches' claim for a declaratory judgment, but it also denied the Veaches' claims for statutory and equitable relief pursuant to WIS. STAT. §§ 847.07(1)(a) and 706.04(1) to amend the Veaches' deed to include their right to use the easement. These claims were also decided in the 2020 action on summary judgment against the Veaches. By failing to raise the claim preclusion standard for declaratory judgment actions in the present action, the Veaches prevented the circuit court from deciding whether the declaratory judgment claim preclusion standard applies when other claims were also decided on the merits. *See State v. Huebner*, 2000 WI 59, ¶12, 235 Wis. 2d 486, 611 N.W.2d 727 (explaining the purposes of the forfeiture rule).

¶27 Having determined that the Veaches forfeited their argument that we should apply the claim preclusion standard for declaratory judgment actions, we

13

now describe the ordinary claim preclusion standard for determining the identity of claims between causes of action in two separate cases. As noted, there is an identity of claims between two actions if the second action "was litigated or *could have been litigated* in the first action." *National Operating*, 244 Wis. 2d 839, ¶67. In determining whether an action could have been litigated in the previous action, Wisconsin has adopted the "transactional approach" as described in the Restatement (Second) of Judgments. *Kruckenberg*, 279 Wis. 2d 520, ¶25. In the context of the claim preclusion doctrine, the term "transaction" does not refer to a "financial transaction" as it often does in common parlance. *Menard, Inc. v. Liteway Lighting Prods.*, 2005 WI 98, ¶33, 282 Wis. 2d 582, 698 N.W.2d 738. Rather, the transactional approach "focuses on whether the two causes of action arise out of the same common set of material facts." *Id.* This standard is "not capable of a mathematically precise definition" and must be applied "with attention to the facts of the cases." RESTATEMENT (SECOND) OF JUDGMENTS § 24(2) cmt. b (AM. L. INST. 1982).

¶28 What constitutes a "transaction" in any given case requires the court to consider "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Kruckenberg*, 279 Wis. 2d 520, ¶25 (citation omitted). In determining whether the claims in different actions arise out of the same transaction, we have considered whether the claims "arise out of the same conduct of the defendants, whether the facts set forth in both actions are essentially the same, and whether they could have been raised in the previous litigation." *Parks v. City of Madison*, 171 Wis. 2d 730, 740, 492 N.W.2d 365 (Ct. App. 1992). Under the transactional approach, "it is irrelevant that 'the legal theories, remedies sought, and evidence

used may be different between the first and second actions.'" ***Menard***, 282 Wis. 2d 582, ¶32 (citation omitted).

¶29 An instructive example of the claim preclusion doctrine being applied when there is an identity of claims between two actions is our supreme court's decision in ***DePratt v. West Bend Mutual Insurance Co.***, 113 Wis. 2d 306, 334 N.W.2d 883 (1983). In that case, DePratt was injured at a construction site after falling from a steel beam that was being carried by a crane owned by Sergio. ***Id.*** at 309. DePratt sued Sergio under the doctrine of *respondeat superior* arguing that the crane operator was employed by Sergio and that Sergio had violated the safe-place statute. ***Id.*** The circuit court granted summary judgment for Sergio. ***Id.*** DePratt then sued Sergio in a separate action, arguing that Sergio was independently negligent for failing to inform the crane operator about OSHA regulations. ***Id.*** Our supreme court concluded that DePratt's second action was barred by the doctrine of claim preclusion because it arose from the same set of material facts as the first action and could have been litigated in the first action. ***Id.*** at 312-13.

¶30 Here, the issues raised in the present case arise out of the same set of material facts as the issues in the 2020 action. As explained, the 2020 action involved claims by the Veaches against the Barbers and other landowners seeking a declaration that the Veaches are entitled to use the easement and orders to amend the Veach lot deed to incorporate the easement. The 2020 action focused on the scope and meaning of the easement as it pertained to the Veach lot and whether it conveyed easement rights to the Veaches. To determine the scope and meaning of the easement, the circuit court in the 2020 action was required to interpret the language of the Barbers' warranty deed to Lot 21, the language of the easement

referenced in and attached to that warranty deed, and the language of the warranty deed for the Veach lot.

¶31   Similarly, the present case involves a claim by the Veaches against the Barbers regarding the scope and meaning of the easement, but this time in relation to the rights the easement conveys to the Barbers. Although the present case involves a different legal theory than the 2020 action, the facts underlying the two actions "arise out of the same common set of material facts" in that both actions involve the scope and meaning of the easement and seek to establish the rights of the same parties under the easement language and each party's warranty deed. *See Menard*, 282 Wis. 2d 582, ¶33. The Veaches could have readily raised an argument in the 2020 action that the Barbers are not entitled to use the easement to access Lot 1. In fact, in the 2020 action, the Veaches submitted as evidence an aerial photograph of Lot 1 that not only shows the Barbers' house and garage, but depicts the boundaries of Lot 1 and provides information that the Barbers owned Lot 1. Any dispute about the scope of the easement and the easement language indicating that the easement extended "up to and including the boundary of Lot 1" could have been resolved in the 2020 action. For these reasons, we conclude that the Veaches' claims in the present action "arise out of the same common set of material facts" as, and could have been litigated in, the 2020 action. Therefore, these claims are barred under the doctrine of claim preclusion.

¶32   Our conclusion is also consistent with the policies underlying the claim preclusion doctrine. Applying this doctrine in these circumstances promotes "trial convenience and fairness" and reflects "the expectation that parties who are given the capacity to present their 'entire controversies' shall in fact do so." *Kruckenberg*, 279 Wis. 2d 520, ¶27 (citation omitted). The Veaches had an

opportunity in the 2020 action to settle their entire controversy with the Barbers over the language and scope of the easement, but they failed to do so at that time. In other words, the Veaches have had their "day in court," and the interest in "justice, expediency, and the preservation of the public tranquility requires that the matter be at an end." *See* ***Teske***, 387 Wis. 2d 213, ¶24.

## CONCLUSION

¶33 For the foregoing reasons, we affirm the order of the circuit court.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.