Ten Mile Investments, LLC, Jeffrey M. Hennekens and Timothy J. Burns, Plaintiffs-Respondents-Cross-Appellants,

v.

Berton D. Sherman, Defendant,

Cynthia Siciliano, Defendant-Third-Party Plaintiff-Appellant-Cross-Respondent,†

v.

Leonard G. Nauman, Third-Party Defendant-Respondent-Cross-Appellant.

Court of Appeals

*No. 2006AP353. Submitted on briefs November 7, 2006. —Decided November 29, 2007.*

2007 WI App 253

(Also reported in 743 N.W.2d 442.)

† Petition to review denied 4/14/08.

On behalf of the defendant-third-party plaintiff-appellant-cross-respondent, the cause was submitted on the briefs of *J. Drew Ryberg, Michael J. Happe* and *Kathryn E. Wahl* of *Ryberg & Happe, S.C.*, Eau Claire.

On behalf of the plaintiffs-respondents-cross-appellants, the cause was submitted on the briefs of *Craig S. Hunter* of *Northland Law*, Duluth, Minnesota.

Before Higginbotham, P.J., Dykman and Lundsten, JJ.

¶ 1. HIGGINBOTHAM, P.J. On July 1, 2005, a new version of WIS. STAT. § 802.05 (2005–06)[1] became effective. That statute authorizes sanctions for certain conduct during litigation. Ten Mile Investments, LLC sued Cynthia Siciliano seeking specific performance for her refusal to close on a real estate transaction between the parties. Siciliano counterclaimed also seeking specific performance, alleging Ten Mile and its chief manager, Leonard G. Nauman, made certain representations central to the transaction. Siciliano prevailed on the merits and moved for sanctions. The trial court, after finding joint and several liability on the part of Ten Mile Investments and its investors, Jeffrey M. Hennekens and Timothy J. Burns (collectively "Ten Mile") and Nauman, sanctioned Nauman only, pursuant to § 802.05. Siciliano appeals the court's supplemental judgment and asserts that the court should have imposed sanctions against all four respondents, and awarded a higher amount. Ten Mile argues that the court erroneously entered sanctions against Nauman because Siciliano failed to comply with the "safe-harbor" provision of § 802.05.[2]

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

[2] Ten Mile cross-appeals and argues that the circuit court should have awarded it attorney fees for its opposition to Siciliano's sanctions motion, due to her motion's noncompliance with the safe-harbor provision. The new WIS. STAT. § 802.05

¶ 2. The issues in this appeal are: (1) whether the new WIS. STAT. § 802.05 should be applied retroactively on the facts of this case; (2) whether a motion for sanctions that is filed after judgment complies with the new statute's "safe-harbor" provision, which allows recipients of a motion to alter their potentially sanctionable conduct and avoid sanctions; and (3) whether Siciliano substantially complied with that provision by warning Ten Mile and Nauman earlier that their conduct may be sanctionable.

¶ 3. We conclude, based on the facts of this case, that WIS. STAT. § 802.05 retroactively applies, that a postjudgment motion for sanctions does not comply with the safe-harbor provision, and that a warning, as opposed to a motion for sanctions, is not sufficient to trigger the sanctions of § 802.05. We therefore reverse the supplemental judgment on fees and costs.

## I. BACKGROUND

¶ 4. Only the procedural history of this case is needed for this opinion. On the alignment of the parties, it is sufficient to say that after the filing of a complaint, counterclaim, and third-party complaint, Cynthia Siciliano stood in opposition to Ten Mile In-

---

provides in part: "If warranted, the court may award to the party prevailing on the motion reasonable expenses and attorney fees incurred in presenting or opposing the motion." WIS. STAT. § 802.05(3)(a)1. Whether to award reasonable expenses and attorney fees under this section is left to the court's discretion. Ten Mile does not present a fully developed argument explaining why we should reverse the court's exercise of its discretion. We therefore do not consider this argument. *See State v. Pettit*, 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992) (We generally do not consider arguments inadequately developed.).

vestments, LLC, Timothy Burns, Jeffrey Hennekens, and Leonard Nauman. Siciliano prevailed over all of them on the substance of the litigation, and then later moved pursuant to WIS. STAT. §§ 802.05, 802.08(5) and 814.025 (2003–04) for a finding that these four parties had filed and pursued a frivolous claim. The court decided the motion with a supplemental judgment on costs that awarded a sanction of $17,098 against Nauman, but otherwise denied the motion. Siciliano appeals only that supplemental judgment. The other four parties appear together in this court as respondents, and also have cross-appealed from the supplemental judgment.

## II. RETROACTIVITY OF WIS. STAT. § 802.05

¶ 5. The first issue we address is whether WIS. STAT. § 802.05 applies retroactively to this case. At issue in this case is the safe-harbor provision contained in § 802.05(3)(a)1. The safe-harbor provision is a feature of the newly enacted § 802.05. By Supreme Court Order 03–06, effective July 1, 2005, the court repealed WIS. STAT. RULES 802.05 and 814.025 (2003–04), the statutes governing sanctions for initiating and/or maintaining frivolous actions, and recreated WIS. STAT. RULE 802.05. *See Trinity Petroleum, Inc. v. Scott Oil Co.*, 2007 WI 88, ¶ 3, 302 Wis. 2d 299, 735 N.W.2d 1. The new rule requires the party seeking sanctions to first serve the motion on the potentially sanctionable party, who then has twenty-one days to withdraw or appropriately correct the claimed violation. Section 802.05(3)(a)1.[3] The

---

[3] Wisconsin Stat. § 802.05(3)(a)1. provides:

A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate sub. (2). The motion shall be served as

movant cannot file a motion for sanctions unless that time period has expired without a withdrawal or correction. *Id.*

¶ 6.   In *Trinity Petroleum*, the supreme court held that new WIS. STAT. § 802.05 is a procedural statute that is presumed retroactive. *Trinity Petroleum*, 302 Wis. 2d 299, ¶¶ 7, 51. However, the supreme court held that retroactivity of the statute must be decided on a case-by-case basis, and may not be retroactive if such application "diminishes a contract, disturbs vested rights, or imposes an unreasonable burden on the party charged with complying with the new rule's requirements." *Id.*, ¶¶ 7, 52–53. The only issue presented here is whether retroactive application of § 802.05 would impose an unreasonable burden on Siciliano.

¶ 7.   The histories of *Trinity Petroleum* and this case are similar, and Siciliano makes arguments similar to those described, but not decided, by the supreme court in *Trinity Petroleum. See id.*, ¶¶ 85–88. In both cases, the lawsuit was commenced before the effective date of new WIS. STAT. § 802.05, judgment was rendered on the merits after the effective date, and the sanctions motion was filed after the judgment. *See id.*, ¶¶ 12–17. However, we also see a key difference. In *Trinity Petroleum*, the movant had only five days to file a sanctions motion between the effective date of § 802.05

provided in s. 801.14, but shall not be filed with or presented to the court unless, within 21 days after service of the motion or such other period as the court may prescribe, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. If warranted, the court may award to the party prevailing on the motion reasonable expenses and attorney fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

and the court's oral decision on the merits. *Id.*, ¶¶ 15–16. Here, Siciliano had approximately eleven weeks between the effective date and the trial date at which the court made its oral decision.

¶ 8. Siciliano moved for sanctions pursuant to Wis. Stat. §§ 802.05, 802.08(5) and 814.025 (2003–04) and alleged that Ten Mile engaged in frivolous conduct, both in commencing and maintaining this action. She argues that retroactive application of § 802.05 would impose an unreasonable burden because: (1) she complied with the rule in effect at the time of the offending conduct and she cannot now comply with the safe-harbor provision; (2) Ten Mile would receive a "free pass" on allegedly improper conduct; and (3) she would be deprived of the ability to recover for the injury she suffered as a result of that conduct. Specifically, Siciliano asserts that the offending conduct that gave rise to her frivolous claim occurred before the effective date of the new rule and therefore it was appropriate for her to move for sanctions under the rule in effect at that time. She explains that compliance with the new § 802.05 is impossible and therefore imposing the safe harbor provision on her imposes an unreasonable burden.

¶ 9. Ten Mile argues that retroactive application of new Wis. Stat. § 802.05 would not cause an unreasonable burden on Siciliano because she had ample opportunity to comply with the statute, but failed to do so.[4] Ten Mile points out that Siciliano, through her

---

[4] Procedurally, this argument, to be properly reviewed, should have been made by Nauman in a cross-appeal because he is seeking to modify the judgment Siciliano is appealing from, by vacating the sanctions against him. *See* Wis. Stat. Rule 809.10(2)(b) (a respondent seeking modification of the judgment appealed from shall file a notice of cross-appeal). However,

805

counsel, was aware that the new statute would be in effect on July 1, 2005, but did nothing to comply with the statute's procedural requirements before judgment was entered on September 22, 2005. It also points out that Siciliano filed an amended answer on August 7, 2005, to its amended complaint, filed on July 18, 2005, and did not assert that the amended complaint was frivolous or was made in bad faith. We agree with Ten Mile.

¶ 10.   It is true that this action was commenced on January 18, 2005, long before the July 1, 2005 effective date of new WIS. STAT. § 802.05, raising the possibility that Siciliano properly proceeded under the old sanction rules. However, the frivolous conduct Siciliano alleges entitles her to recover fees and costs under § 802.05 and WIS. STAT. § 814.025 are for Ten Mile commencing *and maintaining* a frivolous lawsuit. While this action was indeed commenced before the new statute's effective date, it was also being maintained during the eleven weeks after that date. In addition, Ten Mile points out that it filed an amended complaint on July 18, 2005, to which Siciliano answered on August 7, 2005, both actions occurring after the statute's effective date. Essentially, by the filing of an amended complaint and the answering of that complaint, a "new" action was commenced, effectively replacing the action commenced in January 2005. *See Schuett v. Hanson*, 2007 WI App 226, ¶ 13, 305 Wis. 2d 729, 741 N.W.2d 292; *Holman v. Family Health Plan*, 227 Wis. 2d 478, ¶ 19, 596 N.W.2d

the other three parties can properly present this argument as respondents, because they are seeking merely affirmance of a judgment that denied sanctions as to them. *See B&D Contractors, Inc. v. Arwin Window Sys., Inc.*, 2006 WI App 123, ¶ 4 n.3, 294 Wis. 2d 378, 718 N.W.2d 256 (a party that prevails in the trial court need not file a cross-appeal to preserve for review an alternative ground to affirm).

358 (1999). Considered in this light, this lawsuit was both commenced and maintained after the effective date of new § 802.05. In any event, at no time did Siciliano assert in any fashion that the amended complaint was frivolous until filing her motion seeking sanctions for frivolousness after judgment on the merits was entered in September 2005. Siciliano does not explain why she could not comply with the new statute's safe-harbor provisions after the statute's effective date.

¶ 11.   In regard to Siciliano's assertions that retroactive application of Wis. Stat. § 802.05 would impose an unreasonable burden because Ten Mile would receive a "free pass" and that she would be deprived of her ability to recover costs and fees incurred in defending against the frivolous lawsuit, we view these burdens as flowing from her own failure to comply with the new statute's procedural requirements during the eleven-week period. In other words, the burdens Siciliano contends she will suffer if the statute is retroactively applied were avoidable by simply complying with the procedural requirements of § 802.05. She should have been aware of the new statute and had ample opportunity to comply with it. *See Mosing v. Hagen,* 33 Wis. 2d 636, 642, 148 N.W.2d 93 (1967). We also observe that the arguments Siciliano advances here would always be made when the statute is retroactively applied to deny costs and fees. Accepting her arguments would result in nullifying the supreme court's *Trinity Petroleum* decision and defeat retroactive application of the statute in instances when application is warranted. We fail to see how the burdens Siciliano complains of can be a basis for defeating retroactive application of § 802.05.

¶ 12.   In summary, we conclude that the new Wis. Stat. § 802.05 applies retroactively to this case. We

further conclude that Siciliano has not demonstrated that retroactive application of the new statute would impose an unreasonable burden on her. Siciliano had ample opportunity to comply with the statute's procedural requirements long before her trial and she has failed to adequately explain why she failed to do so.

## III. POSTJUDGMENT MOTION FOR SANCTIONS

¶ 13. We next consider whether a postjudgment motion for sanctions complies with the safe-harbor provision. This requires a review of our decision in *Trinity Petroleum, Inc. v. Scott Oil Co.*, 2006 WI App 219, 296 Wis. 2d 666, 724 N.W.2d 259, and the supreme court's decision in the same case, *Trinity Petroleum*, 302 Wis. 2d 299. In 2006, we held that a postjudgment sanctions motion does not comply with the safe-harbor provision, and that new WIS. STAT. § 802.05 is a procedural statute that is to be applied retroactively without exception. *Trinity Petroleum*, 296 Wis. 2d 666, ¶¶ 16–25. The supreme court granted review of that decision and held that new § 802.05 is a procedural statute that is presumed retroactive, but may not be applied retroactively in certain situations. *Trinity Petroleum*, 302 Wis. 2d 299, ¶ 7. The court did not decide whether the statute was retroactive in that case, but instead remanded for findings and conclusions on that point. *Id.*, ¶ 92.

¶ 14. The supreme court's *Trinity Petroleum* opinion did not expressly address our conclusion that a postjudgment sanctions motion does not comply with the safe-harbor provision. It is important to emphasize that this issue and the retroactivity issue addressed by the supreme court are separate. The question about postjudgment sanctions motions is one that can arise even in cases presenting no retroactivity issue. In other

words, even when all events of a suit occur after the effective date of Wis. Stat. § 802.05, a party might still file a postjudgment sanctions motion, thus raising the question of compliance with the safe-harbor provision.

¶ 15.  After release of the supreme court's *Trinity Petroleum* decision, we ordered supplemental briefs in this case. One issue we ordered the parties to address is whether our holding in *Trinity Petroleum* as to post-judgment sanctions motions remains precedential after the supreme court's opinion. Siciliano concedes that it does. We have previously stated that holdings not specifically reversed on appeal generally retain their precedential value, although we have also expressed some concern about applying that principle in certain situations. *See Spencer v. Brown County*, 215 Wis. 2d 641, 650–51, 573 N.W.2d 222 (Ct. App. 1997); *State v. Byrge*, 225 Wis. 2d 702, 717–18 n.7, 594 N.W.2d 388 (Ct. App. 1999), *aff'd by State v. Byrge*, 2000 WI 101, 237 Wis. 2d 197, 614 N.W.2d 477; and *State v. Jones*, 2002 WI App 196, ¶ 40, 257 Wis. 2d 319, 651 N.W.2d 305.

¶ 16.  In this case, however, we see no reason not to apply the general principle. The supreme court did not reverse our earlier holding, and did not reach as far as that step of the analysis because it remanded for further proceedings on retroactivity. Accordingly, we conclude that our *Trinity Petroleum* opinion retains its precedential value in holding that a postjudgment sanctions motion does not comply with the safe-harbor provision. *See Trinity Petroleum*, 296 Wis. 2d 666, ¶¶ 26–35. Applying that holding to the instant case, there is no dispute that Siciliano did not file her sanctions motion until after judgment was entered. Therefore, under our holding in *Trinity Petroleum*, we

809

conclude that her postjudgment sanctions motion does not comply with the safe-harbor provision.

## IV. EFFECT OF EARLIER
## WARNINGS BY SICILIANO

¶ 17.    Siciliano argues that she complied with the substance of the safe-harbor provision by putting Ten Mile on notice throughout the litigation that she believed their position was sanctionable. Because of those warnings, she argues, the safe-harbor provision's function of giving the recipient notice and a chance to correct has been satisfied. We disagree.

■

¶ 18.    As we wrote in *Trinity Petroleum*: "Warnings are not motions." *Trinity Petroleum*, 296 Wis. 2d 666, ¶ 33. Relying on a federal case applying the analogous federal rule, we concluded that it would " 'wrench both the language and the purpose of the [safe-harbor] amendment to the Rule to permit an informal warning to substitute for service of a motion.' " *Id.* (quoting *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998)). This is another conclusion from our *Trinity Petroleum* opinion that was not addressed or reversed by the supreme court. Therefore, for the reasons stated above regarding postjudgment sanctions motions, *see Trinity Petroleum*, 296 Wis. 2d 666, ¶¶ 15–16, we conclude that this holding retains its precedential value. We therefore conclude that Siciliano's warnings did not comply with the safe-harbor provision.[5]

---

[5] Siciliano argues that, if we hold that her sanctions motions must be denied for non-compliance with the safe-harbor provision, we should order sanctions on our own initiative, or remand for the circuit court to consider the same. In addition to sanctions by motion, the new statute allows the circuit court to

¶ 19. In summary, we conclude that new Wis. Stat. § 802.05 applies retroactively to Siciliano's motion for sanctions. Because that motion did not comply with the safe-harbor provision, we conclude that the circuit court erred in awarding Siciliano sanctions under the statute. Accordingly, we reverse the supplemental judgment on costs.

*By the Court.*—Judgment reversed; cross-appeal dismissed.

---

impose sanctions "[o]n its own initiative." Wis. Stat. § 802.05(3)(a)2. On its face, this provision does not require the court to give a safe-harbor notice or warning before imposing sanctions and we do not act on our own initiative when we are asked to do so. We conclude that Siciliano has not adequately briefed this issue, and we decline to address it further. *See Pettit*, 171 Wis. 2d at 647.