COURT OF APPEALS
DECISION
DATED AND FILED

August 1, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP123**

Cir. Ct. No. 2013CV3897

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

ANTONIO SORIA,

PLAINTIFF-APPELLANT,

V.

CLASSIC CUSTOM HOMES OF WAUNAKEE INC.,

DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Dane County: STEPHEN E. EHLKE, Judge. *Affirmed and cause remanded with directions*.

Before Kloppenburg, P.J., Blanchard, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. The Dane County circuit court, following remand from this court, ordered that Antonio Soria's attorney pay $8,937.50 "as a monetary sanction" to Classic Custom Homes of Waunakee, Inc. ("Custom Homes"). On appeal, Soria argues that the circuit court: (1) wrongfully determined that Soria forfeited his argument that Custom Homes was not entitled to sanctions because it had allegedly filed its motion for sanctions fewer than twenty-one days after it served the motion on Soria, in violation of WIS. STAT. § 802.05 (2021-22);[1] (2) required that Soria's attorney "personally pay" the monetary sanction without making a finding of "exceptional circumstances" under § 802.05(3)(a)1.; (3) imposed a monetary sanction that is not supported by the need to deter similar conduct as required under § 802.05(3)(b); and (4) imposed a monetary sanction that is unreasonable.

¶2 We reject Soria's arguments. Moreover, we conclude that these arguments in Soria's appellate briefs signed by his attorney have no reasonable factual or legal basis and could not be supported by a good faith argument for an extension, modification, or reversal of existing law. Accordingly, we affirm the circuit court's sanctions order, grant Custom Homes' motion for sanctions for a frivolous appeal, and remand to the circuit court to determine the amount of attorney's fees to be paid fully by Soria's attorney under WIS. STAT. § 809.25(3).

## BACKGROUND

¶3 We summarize the pertinent undisputed facts as presented in the two prior appeals in this case and the record in this appeal. *See Soria v. Classic*

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

*Custom Homes of Waunakee, Inc.* (*Soria I*), No. 2017AP1693, unpublished slip op. (WI App July 11, 2019); *Soria v. Classic Custom Homes of Waunakee, Inc.* (*Soria II*), No. 2020AP1931, unpublished slip op. (WI App Dec. 2, 2021).[2]

¶4    Soria is a professional painter and Custom Homes is a homebuilder. They entered into three contracts for Soria to perform painting services at three houses. Custom Homes did not pay Soria the full amount which Soria submitted that he was owed for his work on the three houses. *Soria I*, No. 2017AP1693, ¶¶6-8.

¶5    Soria sued Custom Homes in 2013, alleging that Custom Homes breached its contracts with him and committed theft by contractor. The case proceeded to trial and the jury found in favor of Soria on all of his claims. The jury found that Custom Homes owed Soria $9,585.00 for his work on the three houses on the breach of contract claims. The jury also awarded Soria $28,755.00 as exemplary damages based on the theft by contractor claims.

¶6    During trial, Custom Homes twice moved to dismiss Soria's theft by contractor claims on the ground of insufficiency of evidence. After trial, Custom Homes moved to change the jury's answers to the special verdict questions

---

[2] We explain our citation to the two opinions issued in prior appeals in this same case. *Soria v. Classic Custom Homes of Waunakee, Inc.* (*Soria I*), No. 2017AP1693, unpublished slip op. (WI App July 11, 2019); *Soria v. Classic Custom Homes of Waunakee, Inc.* (*Soria II*), No. 2020AP1931, unpublished slip op. (WI App Dec. 2, 2021). *Soria I* is authored, and *Soria II* is a per curiam opinion. *See* WIS. STAT. RULE 809.23(3)(a) and (b) (prohibiting the citation of unpublished, unauthored opinions "as precedent or authority, except to support a claim of claim preclusion, issue preclusion, or the law of the case," and permitting the citation of authored, unpublished opinions issued after July 1, 2009, for their persuasive value). We cite these opinions for undisputed procedural and background facts in this case and to provide context for our analysis of the issues raised in this appeal.

concerning Soria's theft by contractor claims on the same ground. *Soria 1*, No. 2017AP1693, ¶¶11-12. The circuit court denied those motions. *Id.*

¶7 Custom Homes appealed and Soria cross-appealed, together raising a total of six separate issues. *Id.*, ¶¶2-3, 33, 56, 57, 73, 78, 87. Pertinent here, on Custom Homes' appeal, this court reversed the jury's verdict on the theft by contractor claims based on Soria's failure to meet his burden of proof on one element. *Id.*, ¶¶2, 56. We remanded the case "to the circuit court to dismiss with prejudice Soria's theft by contractor claims and vacate the portions of the judgment relating to the theft by contractor claims," including the jury's award of exemplary damages. *Id.*, ¶56. On Soria's cross-appeal, this court reversed the circuit court's denial of his request for prejudgment interest, and we remanded the case to the circuit court to determine the amount of Soria's prejudgment interest and include that amount in the judgment. *Id.*, ¶78. We otherwise affirmed the circuit court and "remanded for further proceedings consistent with this opinion." *Id.*, ¶¶2-3, 88.

¶8 Following that first remand, as pertinent here, Soria filed in the circuit court a "Motion[s] for Further Proceedings," requesting an amended judgment stating that Custom Homes' refusal to pay Soria the entire amount due for his work on the houses constituted embezzlement by Custom Homes.[3] Soria

---

[3] We now briefly summarize the different statutory bases for Soria's pleaded and tried theft by contractor claims and his proposed embezzlement claims. Wisconsin's civil theft by contractor statute, WIS. STAT. § 779.02(5), provides in pertinent part, "The use of [moneys paid to a prime contractor to pay claims due to a subcontractor] for any other purpose until all claims … have been paid in full or proportionally in cases of a deficiency, is theft by the prime contractor … of moneys so misappropriated and is punishable under [WIS. STAT. §] 943.20." The element of a theft by contractor claim that Soria did not prove at trial is that Custom Homes' failure to pay Soria all amounts due "was done without the consent of the owners of the land." *Soria 1*, No. 2017AP1693, ¶¶39-40.

(continued)

also requested that the amended judgment award to Soria exemplary damages in the amount of $28,755.00 on his embezzlement claims or, in the alternative, that the circuit court order a new trial to determine the amount of exemplary damages. Soria contended in the circuit court that this court authorized the circuit court to decide his embezzlement-related motions because we remanded the case "for further proceedings."

¶9      In response to these motions, Custom Homes informed Soria that, because the motions that he filed in the circuit court following remand were frivolous, it would move for sanctions against Soria and his attorney under WIS. STAT. § 802.05 if Soria failed to withdraw his motions within twenty-one days. Soria did not withdraw his motions, and Custom Homes filed the motion for sanctions. The circuit court denied the relief requested in Soria's motions for further proceedings. The court also denied Custom Homes' motion for sanctions.

¶10     In the second appeal in this case, Soria appealed the circuit court's denial of the relief requested in his motions for further proceedings, and Custom

---

Embezzlement is one form of theft enumerated in WIS. STAT. § 943.20, and the elements of the crime of embezzlement are set forth in § 943.20(1)(b), which provides that a person commits embezzlement if the person "intentionally uses, transfers, conceals, or retains possession of" money owned by another without the owner's consent "with intent to convert" the owner's money to the person's own use or anyone else's use except the owner's. "One element of embezzlement is that the defendant knowingly and intentionally used someone else's money without their consent and contrary to the defendant's authority. To avoid conviction, not only must the defendant have permission to use the money, but the defendant must also have permission to use the money in the manner that it is used." *State v. Swift*, 173 Wis. 2d 870, 880, 496 N.W.2d 713 (Ct. App. 1993) (citation omitted).

A person who prevails in a civil action against a defendant on theft by contractor or embezzlement claims is entitled to exemplary damages and attorney fees and costs under WIS. STAT. § 895.446.

Homes cross-appealed the court's denial of its motion for sanctions. *Soria II*, No. 2020AP1931, ¶2.

¶11 On Soria's second appeal, this court affirmed the circuit court's denial of Soria's motions. *Id.*, ¶3. We concluded that our mandate and remand instructions in *Soria I* did not authorize the circuit court to conduct "further proceedings" to consider Soria's embezzlement assertions. *Soria II*, No. 2020AP1931, ¶35. We also concluded that Soria forfeited the opportunity to request an amended judgment based on the embezzlement assertions because he did not claim or advance an argument regarding embezzlement in the circuit court before the first appeal, or in this court in that first appeal. *Id.*, ¶¶2, 36. We further concluded that Soria failed to demonstrate that the circuit court had the authority to amend the judgment following remand based on his embezzlement assertions. *Id.*, ¶¶53, 57. We also concluded that a necessary premise for Soria's embezzlement argument failed based on Soria's misinterpretation of our ruling in *Soria I*. *Soria II*, No. 2020AP1931, ¶¶58-61.

¶12 On Custom Homes' cross-appeal, this court reversed the circuit court's denial of Custom Homes' motion for sanctions. *Id.*, ¶3. We concluded that, based on our analysis of the issues raised by Soria in his second appeal, "the motions [for further proceedings] signed by Soria's attorney were not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law, or the establishment of new law." *Id.*, ¶68. We stated, "The lack of any basis for those motions should have been manifest to any reasonable attorney, and we conclude that the motions were frivolous as set forth in WIS. STAT. § 802.05(2)(b)." *Id.* We remanded to the circuit court "to apply the proper standards under § 802.05(3)" "to determine the appropriate sanction or sanctions to be assessed against Soria's attorney." *Id.*, ¶¶63, 68.

¶13    Following the second remand, the circuit court scheduled briefing on "the determination of sanctions." In his response brief filed in the circuit court, Soria argued for the first time that Custom Homes was not entitled to sanctions because it had allegedly filed its motion for sanctions fewer than twenty-one days after it served the motion on Soria, in violation of WIS. STAT. § 802.05. In its ruling on the determination of sanctions, the court rejected Soria's "belated argument" that Custom Homes had untimely filed its motion for sanctions because Soria had forfeited this argument by failing to raise it when the motion was filed in the circuit court following the first remand or on appeal of the court's decision denying the motion for sanctions. The court also rejected Custom Homes' request for various sanctions in addition to a monetary sanction. The court concluded as follows:

> After considering the totality of [Soria's counsel's] conduct in this case and exercising my discretion under the statute, I conclude that he must pay all of defendant's attorney fees incurred in circuit court between March 27, 2020, the date I was assigned this case [following remand] and the motions which were at issue in the Court of Appeals [Soria's Motions for Further Proceedings and Custom Homes' Motion for Sanctions] were being briefed, and November 16, 2020, the date the Notice of Appeal was filed.

The court ordered that Soria's counsel "shall personally pay to Defendant Classic Custom Homes of Waunakee, Inc., the total amount of $8,937.50 as a monetary sanction" pursuant to WIS. STAT. § 802.05(3).

¶14    In this third appeal in this case, Soria appeals the circuit court's sanctions order.

7

**DISCUSSION**

¶15    Soria challenges the circuit court's order requiring that his attorney pay $8,937.50 as a monetary sanction for having filed motions in the circuit court following remand from the first appeal that this court in the second appeal determined were frivolous. We first summarize the applicable legal principles and standard of review, and then address Soria's four arguments of error in turn.[4]

¶16    WISCONSIN STAT. § 802.05(2)(b) provides that an attorney signing a motion certifies to the circuit court that the claims and legal contentions stated in the motion "are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Section 802.05(3) authorizes a court to impose an appropriate sanction for a violation of § 802.05(2). Under § 802.05(3)(b), such a sanction "shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Such a sanction may, if "warranted for effective deterrence," constitute an order to pay the reasonable attorney fees and costs incurred "as a direct result of the violation." Sec. 802.05(3)(b). Under

---

[4] We note that Custom Homes' respondent's brief does not comply with the following rules and remind it of its obligation to comply with these rules. First, Custom Homes' respondent's brief refers to the parties by their status on appeal, and not by their names, contrary to WIS. STAT. RULE 809.19(1)(i). Use of these designations can easily create confusion that is an unnecessary burden for this high volume court. Second, Custom Homes' respondent's brief does not comply with RULE 809.19(8)(bm), which addresses the pagination of appellate briefs. *See* RULE 809.19(8)(bm) (providing that, when paginating briefs, parties should use "Arabic numerals with sequential numbering starting at '1' on the cover"). This rule has recently been amended, *see* S. CT. ORDER 20-07 (eff. July 1, 2021), and the reason for the amendment is that briefs are now electronically filed in PDF format, and are electronically stamped with page numbers when they are accepted for e-filing. As our supreme court explained when it amended the rule, the new pagination requirements ensure that the numbers on each page of a brief "will match … the page header applied by the eFiling system, avoiding the confusion of having two different page numbers" on every page of a brief. S. CT. ORDER 20-07 cmt. at x1.

§ 802.05(3)(b)1., "monetary sanctions may not be awarded against a represented party for a violation of sub. (2)(b)."

¶17    We review for an erroneous exercise of discretion the amount of attorney fees awarded as a monetary sanction. *Bettendorf v. Microsoft Corp.*, 2010 WI App 13, ¶15, 323 Wis. 2d 137, 779 N.W.2d 34 (2009). "'Accordingly, we will affirm the [circuit] court's decision if it examined the relevant facts, applied a proper standard of law, and reached a reasonable conclusion.'" *Id.* (citation omitted).

### I.  Untimely Filing of Motion for Sanctions

¶18    Under WIS. STAT. § 802.05(3)(a)1., a motion for sanctions under § 802.05 shall be served on the potentially sanctionable party, "but shall not be filed with or presented to the court unless, within 21 days after service of the motion …, the challenged paper, claim, defense, contention, allegation[,] or denial is not withdrawn or appropriately corrected."  In other words, the party seeking sanctions must "first serve the motion on the potentially sanctionable party, who then has twenty-one days to withdraw or appropriately correct the claimed violation." *Ten Mile Invs., LLC v. Sherman*, 2007 WI App 253, ¶5, 306 Wis. 2d 799, 743 N.W.2d 442.  This is referred to as the "safe harbor" provision. *Id.*

¶19    When a party fails to specifically raise an issue before the circuit court in a manner that allows the court to address the issue and correct any potential error, the party forfeits that issue on appeal. *See Schill v. Wisconsin*

*Rapids Sch. Dist.*, 2010 WI 86, ¶45, n.21, 327 Wis. 2d 572, 786 N.W.2d 177.[5] Whether a party properly preserved an assertion or argument is a question of law that we review de novo. *State v. Mercado*, 2021 WI 2, ¶32, 395 Wis. 2d 296, 953 N.W.2d 337.

¶20     Soria argues that the circuit court wrongfully determined that Soria forfeited his argument that Custom Homes was not entitled to sanctions because it had allegedly filed its motion for sanctions fewer than twenty-one days after it served the motion on Soria, in violation of the safe harbor provision in WIS. STAT. § 802.05(3)(a)1. (we will refer to Soria's untimely filing argument as the "safe harbor objection").[6]  As we explain, like the circuit court, we conclude that Soria has forfeited his safe harbor objection, and Soria fails to provide a persuasive reason that we should ignore forfeiture here.

¶21     The record establishes that, following the first remand, counsel for Soria did not raise a safe harbor objection to Custom Homes' motion for sanctions in the circuit court in his written response to the motion or orally at the hearing on the motion.  Nor did counsel raise a safe harbor objection to Custom Homes'

---

[5] Our supreme court has long recognized that the previously used phrase, "waiver rule," which Custom Homes still uses in its respondent's brief, is "imprecise," and that it is "better to label" this as the "forfeiture rule" because "it refers to the forfeiture of a right by silence rather than the intentional relinquishment of a known right." *State v. Huebner*, 2000 WI 59, ¶11 n.2, 235 Wis. 2d 486, 611 N.W.2d 727.

[6] Soria asserts that the safe harbor period is enlarged by three additional days under WIS. STAT. § 801.15(5)(a) ("Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party," "[i]f the notice or paper is served by mail, 3 days shall be added to the prescribed period.").  But he does this without attempting to support the assertion with citations to the record or legal analysis.  We do not consider the merits of this unsupported assertion further, *see State v. McMorris*, 2007 WI App 231, ¶30, 306 Wis. 2d 79, 742 N.W.2d 322 (court of appeals "may choose not to consider arguments unsupported by references to legal authority, arguments that do not reflect any legal reasoning, and arguments that lack proper citations to the record").

motion in this court on Custom Homes' cross-appeal of the circuit court's denial of its motion. *See* **Soria II**, No. 2020AP1931, ¶67 (identifying "Soria's only arguments in this appeal responding to Custom Homes' contention that sanctions are merited" as those "regarding [Soria's] requests to amend the judgment based on asserted embezzlement"). Only after we remanded the case to the circuit court for a second time did Soria for the first time raise a safe harbor objection. As stated, the circuit court following the second remand rejected Soria's safe harbor objection on forfeiture grounds:

> This argument was forfeited when it was not raised before me when the original motion was heard and decided. And if not then, it was certainly forfeited when it was not raised on appeal. Custom Homes correctly argues that a party cannot resuscitate an argument which should properly have previously been raised upon remand. To the extent this argument has any merit, and I'm not saying it does, it was forfeited.

¶22    Our supreme court has explained:

> The purpose of the "forfeiture" rule is to enable the circuit court to avoid or correct any error with minimal disruption of the judicial process, eliminating the need for appeal. The forfeiture rule also gives both parties and the circuit court notice of the issue and a fair opportunity to address the [issue]; encourages attorneys to diligently prepare for and conduct trials; and prevents attorneys from "sandbagging" opposing counsel.

**State v. Ndina**, 2009 WI 21, ¶30, 315 Wis. 2d 653, 761 N.W.2d 612. We conclude that the forfeiture rule serves these reasons in this case. Simply stated, had Soria raised his safe harbor objection following the first remand in the circuit court in response to Customs Homes' motion for sanctions, both the circuit court and this court on any appeal on that issue would have been able to address it, thereby potentially obviating the need for the second remand and this third appeal on that issue.

¶23    Soria's arguments against forfeiture lack logical and legal support. Soria argues that he did not need to raise the safe harbor objection in response to Custom Homes' motion for sanctions in the circuit court following the first remand because the court ultimately denied Custom Homes' motion. However, the ultimate disposition, which he could not have known about before the court ruled, did not relieve him of the obligation to raise the objection. Moreover, he does not explain why he did not raise that objection as an alternative ground to affirm on appeal. He also does not explain why, had he done so, this court would not have rejected the objection as forfeited for his failure to raise it in the circuit court. Soria's argument essentially ignores the well-established forfeiture rule entirely.

¶24    Soria argues that, when a "mandatory specific statute" like the safe harbor provision conflicts with the "general rule" of forfeiture, the specific statute controls. Soria cites inapposite case law addressing the scenario when two statutes relate to the same subject matter. He does not explain how this case law relates to application of the forfeiture rule, and we reject his argument based on his failure to connect it to the legal authority he cites. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) ("We may decline to review issues inadequately briefed.").

¶25    Soria's remaining arguments comprise various iterations of the proposition that Custom Homes' failure to comply with the safe harbor provision deprived the circuit court of competency to hear the motion, thus relieving Soria of the obligation to raise the safe harbor objection. As Soria summarizes his arguments on this point, he cannot have forfeited his safe harbor objection "when an action or proceeding such as [Custom Homes'] motion for sanctions is improperly commenced." The case law that Soria cites to support this proposition

relate, as his summary implies, to whether a party has a duty to raise defenses when an action or proceeding has been improperly commenced. Based on this case law, Soria argues that, just as a party does not have a duty to respond when there is no pending action because a pleading to commence the action has been filed too late, so he had no duty to respond when there was no pending motion because it was filed too early. He asserts that the safe harbor provision cannot be "waived" because that provision is like a statutory "time limit[] necessary to invoke a circuit court's jurisdiction or competence." However, that is not the situation here, which involves Soria's objection to a motion that was filed during litigation in an action already underway. Soria cites no case law equating an improperly filed pleading necessary to commence an action or proceeding with an untimely filed motion in litigation that was already properly commenced.

¶26 Soria's arguments are untethered to the case law that he cites and obscure the crux of his position on appeal, which is that the circuit court should have acted to deny Custom Homes' motion based on its violation of the safe harbor provision, not that the court lacked competency to act. Soria fails to distinguish Custom Homes' motion from other motions that circuit courts have competency to grant or deny depending on objections based on untimeliness. *See, e.g.*, WIS. STAT. § 806.07(2) (requiring that motions for reconsideration be filed within one year, or within a reasonable time, of the entry of the challenged order or judgment).

¶27 In sum, Soria does not connect to relevant legal authority his attempt to transform a garden variety motion in an ongoing action into a pleading necessary to invoke a circuit court's jurisdiction or competency. His arguments against forfeiture lack any basis in the authority that he cites.

13

## II. Exceptional Circumstances

¶28  Soria argues that the circuit court erred in requiring that Soria's attorney "personally pay" the monetary sanction without making a finding of "exceptional circumstances" under WIS. STAT. § 802.05(3)(a)1.  That provision addresses the filing of a motion for sanctions.  The portion of the provision cited by Soria states:  "If warranted, the court may award to the party prevailing on the motion reasonable expenses and attorney fees incurred in presenting or opposing the motion.  Absent exceptional circumstances, a law firm shall be held jointly responsible for violations … by its … employees."  Sec. 802.05(3)(a)1.  This argument fails because it misrepresents this court's mandate in *Soria II*, misinterprets the circuit court's remarks following remand, and misapplies the statute on which Soria relies.

¶29  As stated, this court in *Soria II* ordered that Soria's attorney be assessed sanctions for the frivolous motions filed by Soria's attorney in the circuit court following remand from the first appeal.  Our mandate directed the circuit court to determine "the appropriate sanction or sanctions to be assessed against Soria's attorney."  *Soria II*, No. 2020AP1931, ¶¶63, 68.  Our mandate left no room for the circuit court to, as Soria now suggests, impose "no sanction" or to require that someone other than Soria's attorney pay the sanction assessed.  Indeed, under WIS. STAT. § 802.05(3)(b)1., given this court's conclusion that the motions were frivolous under § 802.05(2)(b), we, and the circuit court, were required to assess the sanctions against Soria's attorney.  *See* § 802.05(3)(b)1. ("Monetary sanctions may not be awarded against a represented party for a violation of sub. (2)(b).").

¶30     Soria asserts that this court remanded to the circuit court for Custom Homes to offer evidence of exceptional circumstances.  However, Soria provides no record support for this assertion and it has no connection to our mandate as stated above.  Soria's focus, in this and related assertions referring to exceptional circumstances, ignores the distinction between the requirement in WIS. STAT. § 802.05(3)(b)1. that a monetary sanction be awarded only against the attorney for the violation at issue here, and the provision in § 802.05(3)(a)1. that the law firm employing the attorney is jointly responsible for that sanction absent exceptional circumstances.  Our mandate and the circuit court proceedings following remand involved only the former, not the latter.

¶31     Consistent with our mandate, the circuit court rejected various non-monetary sanctions requested by Custom Homes, determined that a monetary sanction alone (the one requested) was appropriate, determined the amount of the monetary sanction, and required that Soria's attorney personally pay it.  The order is silent as to whether the attorney's employer, the University of Wisconsin Law School, is a law firm that may or may not be jointly responsible for the sanction under WIS. STAT. § 802.05(3)(a)1.  As the circuit court explained, "My intention is that, yes, this would hurt.  [Soria's counsel] would have to pay it ….  [T]hat's the whole point of a sanction.  Now[,] having said that, I don't have the law school in front of me as a party.  I don't have any … control or jurisdiction over the law school."  Thus, the court had no reason to address whether "exceptional circumstances" existed under § 802.05(3)(a)1.

¶32     Soria asserts that the circuit court said that "it lacked a basis to enter a sanction solely against Soria's [attorney]" but then, inconsistently, "required Soria's [attorney] to personally pay."  However, the portion of the court's ruling that Soria cites, and which we quote in ¶31 above, does not contain Soria's

"lacked a basis" language. Again, as explained, this court's mandate was specifically that the circuit court assess a monetary sanction against Soria's attorney. The circuit court properly set to the side the undeveloped issue as to whether the University of Wisconsin Law School might be "jointly responsible" for the sanction assessed against Soria's attorney; this topic was not part of this court's mandate and was not properly before the circuit court.

### III. Deterrence

¶33 Soria contends that the circuit court imposed a monetary sanction that is not supported by the need to deter similar conduct, as required under WIS. STAT. § 802.05(3)(b) ("A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated."). Based on his specific arguments in support of this contention, we understand Soria's position to be that no monetary award in any amount is warranted because no deterrence is needed. In this section we explain why each of Soria's specific arguments in support of such a position lack merit. In the next section, we address and reject Soria's separate arguments that the amount of the monetary award is unreasonable.

¶34 Soria inaccurately minimizes his attorney's violation as "the addition of an argument to Soria's brief on remand." Soria provides no record support for this characterization, and the record refutes it. This court determined that it was Soria's "Motion[s] for Further Proceedings" as a whole that were "not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law, or the establishment of new law." *Soria II*, 2020AP1931, ¶68. All of the arguments in "Soria's brief on remand" in support of Soria's various motions for further proceedings related to his embezzlement assertions and

the remedies that he sought based on those assertions. Soria did not simply add an argument to his brief following remand. Instead, he filed an entire brief centered on his effort to amend the judgment and to replace the theft by contractor claims that he had filed and tried with embezzlement claims, which he asserted for the first time following remand after this court on appeal concluded that the theft by contractor claims must be dismissed. In that brief that Soria filed in the circuit court (and repeated in his arguments in the second appeal), he took multiple positions that this court in the second appeal determined were frivolous. *Id.*, ¶68. In short, Soria unreasonably interpreted the directions on appeal for "further proceedings" following the first remand, made arguments that were forfeited, sought relief that the circuit court lacked authority to provide, and advanced claims that lacked a necessary premise. *Id.* In sum, Soria did not merely add an argument to his brief following remand.

¶35 Soria suggests that no deterrence is needed because his violations caused no delay inasmuch as "further proceedings" were required to take place following the first remand regardless of his motions. However, he overlooks that his violations significantly disrupted and complicated the circuit court and appellate proceedings here. *See Trinity Petroleum, Inc. v. Scott Oil Co.*, 2007 WI 88, ¶43, 302 Wis. 2d 299, 735 N.W.2d 1 (noting that WIS. STAT. § 802.05 was created to deter the disruption as well as the delay resulting from frivolous filings). The "further proceedings" ordered by this court in the first appeal clearly concerned only the ministerial tasks of reversing the verdicts and vacating the portions of the judgment relating to the theft by contractor claims and dismissing those claims, and determining prejudgment interest. *Soria I*, No. 2017AP1693, ¶¶56, 78. Soria's frivolous motions unnecessarily disrupted and complicated the completion of those tasks.

¶36   Soria argues that there is no need to deter the repetition of similar conduct because the "situation" here is unlikely to recur.  Specifically, he asserts that civil jury trials are rare, that the reversal on appeal of jury verdicts is rare, and that a split appellate decision reversing some of the jury's verdicts but awarding prejudgment interest is rare.  However, he elides over the conduct to be deterred, regardless of the "situation."  To repeat, that conduct was counsel's unfounded warping of this court's "remand[] for further proceedings consistent with this opinion," *id.*, ¶88, as authorizing him to seek "further proceedings" that were not only inconsistent with that opinion but that were also unsupported by any law.  It is the deterrence of that kind of conduct at which the sanctions award is directed.  Moreover, Soria in this appeal still seeks to excuse that conduct by continuing to misinterpret this court's mandate as "requir[ing] both parties to articulate what [Soria and counsel] believed was appropriate in the required 'further proceedings' on remand."  This "excuse" in itself contributes to our conclusion that deterrence of the conduct at issue is warranted.

¶37   Soria argues that he has already sustained a large monetary loss when this court vacated the portion of the judgment awarding him exemplary damages, and that his attorney sustained a large monetary loss when this court's dismissal of the theft by contractor claims foreclosed the award of attorney's fees and costs, for a total loss of over $188,000.  But again, Soria's focus is misplaced.  What was sanctioned was not counsel's failure to prove at trial an element of the theft by contractor claims, but counsel's pursuit following the first remand of

18

"further proceedings" without any support in the law and contrary to this court's mandate and the circuit court's authority.[7]

¶38 Soria essentially argues that his having lost on the merits of his theft by contractor claims and his embezzlement assertions suffices to deter his attorney and other attorneys from making the same mistakes. However, it is not those losses or mistakes that the monetary sanction is intended to deter; the conduct to be deterred is advancing frivolous arguments following remand. In sum, Soria fails to show that a monetary sanction is not needed to accomplish that deterrence.[8]

## IV. Unreasonable Amount

¶39 Soria argues that the circuit court imposed a monetary sanction that is unreasonable. His argument lacks merit.

¶40 The circuit court ruled that Soria's attorney must pay "all" of the attorney fees incurred by Custom Homes in the circuit court "between March 27, 2020, the date [the circuit court judge] was assigned this case [following remand] and the motions which were at issue in the Court of Appeals were being briefed, and November 16, 2020, the date the Notice of Appeal was filed." Custom Homes

---

[7] We disregard Soria's new argument in his appellant's brief, different from those he raised in the first appeal, explaining why he properly did present evidence on the element of the theft by contractor claim at issue. This is yet one more example of a consistent failure to present supported, relevant arguments that are properly within the scope of the appellate arguments permitted.

[8] Soria offers the puzzling argument that the circuit court's remark that the sanction "would hurt" indicates that the court did not impose the monetary sanction to deter. Soria does not explain why the court's intention to impose a monetary sanction in an amount that would "hurt" his attorney is not an intention to "deter" his attorney or other attorneys from similar violations. We do not address this undeveloped and inadequately briefed argument further.

subsequently submitted a proposed order consistent with that ruling, and Soria objected to, among other things, the purported inclusion in the proposed order of fees incurred before Soria filed his frivolous motions on June 18, 2020. The circuit court signed the proposed order as submitted by Custom Homes.

¶41 Soria argues that the monetary sanction should be limited to the $300 set as the maximum amount of costs that can be awarded "on a motion" under WIS. STAT. § 814.07 ("[c]osts may be allowed on a motion, in the discretion of the court or judge, not exceeding $300"). Soria does not develop a legal argument explaining why the allowance of motion costs in § 814.07 applies to the determination of monetary sanctions under § 802.05(3). Rather, he raises the factual argument that, by analogy, the limit in § 814.07 should apply to the determination of monetary sanctions under § 802.05(3) because the frivolous conduct here was the "addition of one argument" to his motions following remand. We have already addressed and rejected this inaccurate characterization of the frivolous conduct at issue.

¶42 Soria argues that the monetary sanction is unreasonable because it purports to include fees that were incurred before he filed his frivolous motions. Under WIS. STAT. § 802.05(3)(b), a court may award as a sanction the "payment to the movant of some or all of the reasonable attorney fees and other expenses incurred as a direct result of the violation." Soria argues that some of the fees included in the monetary sanction here cannot be "a direct result of the violation" because they extend, as ordered by the circuit court, from the time the new judge was assigned following remand in March 2020 and Soria did not file the frivolous motions until June 2020. However, Soria did not object to the March 2020 timeframe at the hearing at which the circuit court issued its ruling, in order to give the court an opportunity to further explain its choice of that timeframe; Soria

objected only after Custom Homes submitted a proposed order consistent with the court's ruling.

¶43 We could reject Soria's argument as forfeited because it was not timely raised in the circuit court. However, we also reject it because it is not supported by the record before the circuit court. In support of Custom Homes' request for monetary sanctions, it presented an affidavit from one of its attorneys showing that Custom Homes had incurred the $8,937.50 in attorney fees and costs from July 3, 2020 through September 4, 2020. The July 3, 2020 start date occurred after June 18, 2020, the date that Soria filed the motions that this court later determined were frivolous.

¶44 In sum, Soria does not show that the circuit court erroneously exercised its discretion in using the amount from the affidavit referenced above as the amount that was reasonably incurred as a direct result of Soria's attorney's violation and which would effectively deter the violation at issue. *See* WIS. STAT. § 802.05(3)(a)1. and (b).

### V. Sanctions for Frivolous Appeal

¶45 Custom Homes has filed a motion in this appeal seeking costs and fees for Soria's frivolous appeal pursuant to WIS. STAT. § 809.25(3). We agree with Custom Homes that Soria's entire appeal is frivolous and, therefore, remand to the circuit court to determine the amount of costs and fees to be paid fully by Soria's attorney under § 809.25(3).

¶46 To repeat, we have rejected Soria's primary argument on appeal, that the circuit court wrongfully determined that Soria forfeited his safe harbor objection, as lacking any factual, legal, or logical basis. Soria's counsel should

have known that he forfeited that objection after we concluded in *Soria II* that he forfeited his request to amend the judgment to find Custom Homes guilty of embezzlement. We reached this conclusion because Soria had not raised an embezzlement claim or argument in the circuit court before or in response to Custom Homes' motions to dismiss his theft by contractor claims or in this court on the appeal from the circuit court's denial of those motions. Rather, he first raised embezzlement in the circuit court *following remand* after we vacated the judgment on his theft by contractor claims. Likewise here, Soria did not raise his safe harbor objection in the circuit court in response to Custom Homes' sanctions motion in the circuit court or in this court in the appeal of the circuit court's denial of that motion. Rather, he first raised the safe harbor issue in the circuit court *following remand* after we ordered sanctions. Just as we rejected his arguments against forfeiture in *Soria II*, so have we rejected his arguments against forfeiture here.

¶47 We have also explained why there is no reasonable factual, legal, or logical basis either for Soria's primary safe harbor objection argument or for Soria's remaining arguments that the circuit court erroneously exercised its discretion in issuing its order imposing a monetary sanction of $8,937.50.

¶48 Accordingly, we conclude that all of Soria's arguments in his appellate briefs signed by his attorney have no "reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law." *See* WIS. STAT. § 809.25(3)(c)2. The lack of any basis for those arguments should have been manifest to any reasonable attorney, and we conclude that the entire appeal is frivolous as set forth in § 809.25(3)(c)2. For these reasons, we grant Custom Homes' motion for costs and

fees based on a frivolous appeal and remand to the circuit court to determine the amount of attorney fees to be paid fully by Soria's attorney under § 809.25(3).

¶49 Soria takes the position that we must deny Custom Homes' motion because it asserts that only Soria's safe harbor objection argument is frivolous and does not argue that Soria's other arguments are frivolous. We reject Soria's position. It is true that the motion is largely directed at Soria's safe harbor objection argument; and we note that that argument is the primary argument in Soria's appellate briefs and is the only issue stated in Soria's notice of appeal. However, Custom Homes' motion also repeatedly references the circuit court's exercise of discretion in determining the monetary sanction, including immediately before concluding that the "instant appeal," without qualification, is frivolous. We interpret Custom Homes' motion, considered as a whole and in proper context, to ask that we determine that Soria's entire appeal is frivolous in challenging both the circuit court's rejection of Soria's primary argument based on forfeiture as well as the court's exercise of its discretion in determining the type and amount of sanctions. We agree.

## CONCLUSION

¶50 For the reasons stated above, we affirm the circuit court's sanctions order, grant Custom Homes' motion for costs and fees based on a frivolous appeal, and remand to the circuit court to determine the amount of attorney fees to be paid fully by Soria's attorney under WIS. STAT. § 809.25(3).

*By the Court.*—Order affirmed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.